## THE DAYLIGHT.

### (District Court, E. D. New York. July 23, 1913.)

ADMIRALTY (§ 50*)—PARTIES—SUIT FOR TOWAGE.

In a suit in rem to recover for towage services, claimant is entitled by analogy under admiralty rule 59 to bring in a third party, on allegation that the services were rendered on his credit, and not on the credit of the vessel.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. § 50.*]

In Admiralty. Suit by the Merritt & Chapman Derrick & Wrecking Company against the schooner Daylight. On petition of claimant to bring in new party. Granted.

Williams & Stevenson, of New York City, for libelant.

Alexander & Ash, of New York City, for claimant.

James J. Macklin, of New York City, appearing specially for McWilliams, in opposition to the within motion.

CHATFIELD, District Judge. The libel alleges towing services rendered by order of the captain on the credit of the vessel. The answer and petition to bring in McWilliams allege that the services were not rendered on the vessel's credit, but were at the request and on the credit of McWilliams. The libelant could have sued the vessel in rem, and McWilliams in personam. The liability of McWilliams may be established in the suit, even if the decree does not go against the vessel, and the libelant cannot object to the motion; for, if the defense is good, he would have only a claim in personam against McWilliams. If the defense is not good, then a proper case is shown by analogy under rule 59 to bring in the party really responsible.

Motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes