## THE CETRIANA.

(District Court, N. D. California, First Division.   March 23, 1916.)

No. 15824.

1. ADMIRALTY ☞50—BRINGING IN NEW PARTIES—ADMIRALTY RULE 59.
    Admiralty rule 59 (29 Sup. Ct. xlvi), permitting the bringing in of other parties on petition of a respondent, is not limited to collision cases, nor to cases where a joint liability is alleged in the petition.
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. ☞50.]

2. ADMIRALTY ☞50—BRINGING IN NEW PARTIES—RIGHT OF RESPONDENT.
    In a suit against a steamship for failure to deliver cargo, claimant may properly bring in, under admiralty rule 59, or in analogy therewith, another vessel upon an allegation that under the bills of lading respondent had the right to transship the cargo in question, and did so upon the vessel so brought in, which became solely responsible for its delivery. Nor is the right to bring in such vessel defeated by the fact that another suit by libelant against her, for the same cause of action, is pending in the same court; it being to the advantage of all parties that the entire controversy should be settled in one proceeding.
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. ☞50.]

In Admiralty.   Suit by Frank G. Hammer and William H. Hammer, copartners, against the British steamship Cetriana;  William Eadie, claimant.   On exceptions by Sudden & Christensen, claimants of the steamship Mazatlan, to petition of respondent for bringing in such vessel.   Exceptions overruled.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for petitioners.

Andros & Hengstler and G. W. Bell, all of San Francisco, Cal., for third party.

DOOLING, District Judge.   In this action Hammer & Co. libel the steamship Cetriana for failure to deliver cargo.   The owners of the Cetriana have answered, denying liability, and have in addition filed a petition praying that the Mazatlan, another vessel, be brought in.   The petition and answer both set up the fact that the Cetriana had in accordance with the bills of lading the right to transship the cargo in question, and did transship it upon the Mazatlan, and that for any failure to deliver the same the Mazatlan is solely liable.

The petition is presented on the theory that this presents a case analogous to that provided for in admiralty rule 59 (29 Sup. Ct. xlvi). The owners of the Mazatlan have excepted to the petition, on three grounds: (1) That rule 59 applies only to cases of collision; (2) that the owners of the Cetriana do not aver a joint liability on the part of the Mazatlan, but plead that she is solely liable; and (3) that there is another action pending in this court, brought by the present libelants against the Mazatlan, for failure to deliver this same cargo, and that the Cetriana, if her protection demand such procedure, may intervene in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that suit; that in the action just mentioned the Mazatlan has given a bond in the sum of $2,300 to cover precisely the same damage that is complained of here, and has been compelled by reason of this petition to give a bond in this action in the sum of $2,000, and has also given a cost bond in the sum of $500 on each proceeding.

[1] The principle upon which rule 59 is based has been applied in many cases other than collision by the admiralty courts, and indeed it was the application in the first instance of such principle by a trial court that resulted in the promulgation of the rule in question. The exception that the rule can only be applied in collision cases is therefore not well founded.

[2] As to the other exceptions, it may be well to note that the Cetriana does not seek to bring in a party with whom she shows herself to be in no connection. She was the original contractor with the libelants. To her they delivered the cargo in question. Being called upon to respond in damages for failure to deliver such cargo, she says:

"I delivered the cargo to the Mazatlan under a power conferred on me so to do by the bill of lading. If the cargo has not been delivered, it is not my fault, but that of the other vessel. Let her be brought in, and the whole controversy will be determined in this proceeding."

The fact that in pleading she asserts a sole liability on the part of the Mazatlan does not seem under the circumstances a sufficient reason for denying her petition. In Dailey et al. v. City of New York (D. C.) 119 Fed. 1005, Judge Adams, in bringing in a third party, not under rule 59, but in analogy therewith, says:

"The principle upon which the rule is based is applied by analogy in other cases to assist in the administration of justice by requiring the appearance of any additional defendant who may be responsible for the claim or a part thereof."

Here, the cargo having been transshipped to the Mazatlan, it is to the advantage of all that the controversy be settled in one action. Indeed, if there be, as suggested, two actions pending, the court will try them together. The fact that the Mazatlan must give an additional bond in this case is not important, if the "proper administration of justice" require her to be brought in. The questions as to the liability of both vessels, or as to the liability of either, for the failure to deliver the cargo to libelants, are so closely united that due administration will be advanced by having all parties before the court in one proceeding. It may be noted, too, that the objection here does not come from the libelant, but from the third party.

The exceptions are overruled.