## SODERBERG v. ATLANTIC LIGHTERAGE CORPORATION et al.

(District Court, S. D. New York. March 31, 1926.)

**1. Words and phrases.**

Ordinarily the word "jointly" implies "unitedly," "combined or joined together in unity of interest or liability."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jointly.]

**2. Admiralty ⊜═50—Admiralty rule 56 held to entitle charterer, sued for returning vessel in damaged condition, to bring in owner of vessel alleged to have negligently caused the damage.**

Admiralty rule 56 permitting a claimant or respondent to bring in by petition any other vessel or person "who may be partly or wholly liable either to libelant or to such claimant or respondent by way of remedy over contribution, or otherwise, growing out of the same matter" held to authorize a charterer, in a suit against it for breach of contract in returning the vessel in damaged condition to bring in the owner of another vessel whose negligence is alleged to have caused the damage.

In Admiralty. Suit by Ernest Soderberg against the Atlantic Lighterage Corporation, with the Cunard Steamship Company, Limited, impleaded. On exceptions to petition filed under admiralty rule 56 against the impleaded respondent. Exceptions overruled.

Burlingham, Veeder, Masten & Fearey, of New York City, for libelant.

Macklin, Brown & Van Wyck, of New York City, for Atlantic Lighterage Co.

Lord, Day & Lord, of New York City, for Cunard S. S. Co.

GRONER, District Judge. Libelant was owner of the barge Alert. In 1919, respondent chartered the barge for a period of one year agreeing to return her in good order, etc. The libel is filed to recover for breach of this condition of the contract; it being alleged that the barge was returned seriously damaged.

Respondent has impleaded the Cunard Steamship Company under the fifty-sixth rule, alleging its responsibility in tort for the damages claimed to have been sustained to the barge. The latter excepts on the ground that, since there is no "joint liability" the rule is not applicable. The Southern Cross (C. C. A. 2d Cir.) 10 F.(2d) 699, 1926 A. M. C. 415. In the Southern Cross, Judge Hough speaking for the court says:

" * * * The intent of the rule is only to bring in a party *jointly* liable for the wrong complained of" in the libel. Aktieselskabet Fido v. Lloyd [C. C. A.] 283 F. 62 at 72."

15 F.(2d)—14

[1] Ordinarily the word "jointly" implies "unitedly," "combined or joined together in unity of interest or liability," "sharing together," etc. If the word as used by the upper court is to be thus construed and thus limited it would, it seems to me, so narrow the effect and usefulness of the rule as practically to abolish it. I prefer to believe it was not so intended, but that the rule as laid down was intended to go no farther than to deny its applicability where there is no cause of action on the part of the libelant against the party impleaded and to make it applicable in any case in which a cause of action exists in behalf of libelant against either of the alleged wrongdoers. Even as thus extended, it is far less embracing than as applied in my own circuit (Fourth) and I believe in most of the others.

[2] In this case the petition alleges that all the mischief complained of was done by the negligent acts of the impleaded party—that *it* was solely responsible. If this be true, a right of action growing out of its tort thereby arose in favor of libelant, and, since therefore he might have wholly ignored the violation of his contract rights and sued the immediate wrongdoer, it seems to me to follow that the latter may be impleaded. Its liability is, I think, neither "derivative" "or liability over"; it is direct, and the unanswerable demands of justice and convenience seem to make it a proper party under the rule.

Exceptions overruled.