### THE D. T. GILMARTIN.

### KENNY SCOW CORPORATION v. ZALUD MARINE CORPORATION et al.
### No. 17600.

District Court, E. D. New York.
May 10, 1946.

Mahar & Mason, of New York City, for libellant.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for respondent Zalud Marine Corporation.

Purdy & Lamb, of New York City (Thomas J. Irving, of New York City, of counsel), for respondent-impleaded.

MOSCOWITZ, District Judge.

The motion made by A. M. Hazell, Inc., the respondent-impleaded, for an order dismissing the petition of the respondent, Zalud Marine Corporation, or in the alternative, requiring the respondent to file an amended petition eliminating the allegations of Articles Fourth, Fifth and Sixth of the petition, and the hearing on exceptions of the respondent-impleaded to the interrogatories propounded by the respondent designated Second, Third, Fourth and Fifth, relate to the same question of law.

The ground of relief is that Articles Fourth, Fifth and Sixth of the petition and interrogatories Second, Third, Fourth, and Fifth do not relate to matters within the admiralty and maritime jurisdiction of this court.

A libel was filed herein on September 5, 1945, by the Kenny Scow Corporation, as owner of the scow D. T. Gilmartin, against the respondent, Zalud Marine Corporation, claiming damage to the scow D. T. Gilmartin while under charter.

On November 9, 1945, Zalud Marine Corporation filed a petition under the 56th Rule in Admiralty, 28 U.S.C.A. following section 723, to implead A. M. Hazell, Inc. the petition alleges that the Zalud Marine Corporation chartered the use of the derrick hoist Hazell from A. M. Hazell, Inc.; that A. M. Hazell, Inc., agreed to supply and maintain aboard the hoist a careful, experienced and competent crew which would properly operate the derrick hoist; that A. M. Hazell, Inc., would secure and provide all forms of insurance necessary to safeguard and fully and adequately hold said Zalud Marine Corporation harmless for any and all damage caused by the derrick hoist to the scow D. T. Gilmartin and to any other craft which the petitioner had under charter or which it was using at the location at which said derrick hoist was being worked and operated; that it was understood and agreed that said insurance premiums for said insurance coverage were to be billed by A. M. Hazell, Inc., for said period to the petitioner which was to pay same to A. M. Hazell, Inc.

The petition further alleges that there were two accidents. In one the Hazell attempted to lift a gun mount from the deck of the scow. Due to defects of the boom and machinery on the derrick hoist and careless operation, it collapsed and allowed the gun mount, which was then being hoisted, to fall upon and cause damage to the scow D. T. Gilmartin. In other accident a replaced boom on the derrick hoist operated by employees of A. M. Hazell, Inc., collapsed and caused the gun mount to fall to the deck of the scow and thus cause damage to the gun mount and the scow; that when it broke and collapsed the boom came into contact with the scow D. T. Gilmartin which sustained injury and damage.

The matters in question are Articles Fourth, Fifth and Sixth of the petition and interrogatories Second, Third, Fourth, and Fifth.

Articles Fourth, Fifth and Sixth of the petition read as follows:

"Fourth: That prior to March 1, 1944, the petitioner herein chartered the use of the derrick hoist 'Hazell' from A. M. Hazell, Inc., said terms and conditions of said

contract providing that A. M. Hazell, Inc. would supply and maintain aboard said hoist, a careful, experienced and competent crew which would properly operate the said derrick hoist; and, it was further provided in said contract, that A. M. Hazell, Inc. would secure and provide all forms of insurance necessary to safeguard and fully and adequately hold said Zalud Marine Corporation harmless, among other things, for any and all damage caused by said derrick hoist to the scow 'D.T. Gilmartin' and to any other craft which the petitioner had under charter or which it was using at the location at which said derrick hoist was working and being operated. It was understood and agreed, however, that said insurance premiums for said insurance coverage were to be billed by A. M. Hazell, Inc. for said period to said petitioner, which was to pay same to A. M. Hazell, Inc.

"Fifth: Thereafter, A. M. Hazell, Inc. billed said petitioner for said insurance premiums hereinbefore described, which amounts were fully and promptly paid by petitioner herein to A. M. Hazell, Inc.

"Sixth: Upon information and belief, subsequent to March 17, 1944, petitioner discovered that A. M. Hazell, Inc. had failed to obtain said insurance which under said contract it had agreed to procure and which it had obligated itself to furnish, but on the contrary, it had not only neglected to secure such said insurance coverage, but had wrongfully and illegally diverted to its own use the amount, or a part thereof, of such insurance premiums which it had billed to and collected from petitioner; and, during all of such said period, A. M. Hazell, Inc. had continued to represent to petitioner that all the insurance coverage necessary to hold petitioner harmless as aforesaid had been obtained by it and that same continued in full force and effect."

Interrogatories Second, Third, Fourth, and Fifth read as follows:

"Second: Is it not a fact that A. M. Hazell, Inc. had agreed to procure such necessary insurance coverage as would hold petitioner harmless for any damage sustained by the deck scow 'D.T. Gilmartin', which was caused by said derrick hoist 'Hazell'?

"Third: Is it not a fact that A. M. Hazell, Inc. billed petitioner at certain stated intervals for certain amounts for insurance premiums?

"Fourth: Is it not a fact that petitioner at various times paid to respondent-impleaded certain monies in payment for said insurance premiums?

"Fifth: Set forth in detail:

"(a) the amounts billed petitioner for said insurance premiums by A. M. Hazell, Inc.;

"(b) the amounts A. M. Hazell, Inc. received from petitioner in payment of said premiums;

"(c) the particular dates and the exact amounts which were received as said insurance premiums by A. M. Hazell, Inc.;

"(d) state in detail the various types and kinds of insurance coverage for which A. M. Hazell, Inc. billed petitioner;

"(e) state in detail how much, if any, of such said amounts collected by A. M. Hazell, Inc. from petitioner for insurance premiums, were actually paid to any insurance company or companies;

"(f) state in detail the amounts of such said insurance premiums paid to A. M. Hazell, Inc. by petitioner, which were never paid to any insurance company;

"(g) state in detail the insurance companies to which A. M. Hazell, Inc. paid any part of said insurance premiums collected from petitioner, giving the nature, date and numbers of said policies upon which said payments applied, and the amounts applying to each policy."

The question presented for consideration is whether or not the alleged contract is within the admiralty and maritime jurisdiction of this court. No cases have been cited by the respondent which aid it in its position. All of the cases are to the effect that the admiralty court has no jurisdiction. The cause of action alleged is a common law cause of action for a breach of contract to procure insurance. Upon this issue under the Constitution the respondent-impleaded is entitled to a jury trial. See Marquardt v. French, D.C., 53 F. 603;

Virginia-Carolina Chemical Co. v. Chesapeake Lighterage & Towing Co., 2 Cir., 279 F. 684; F. S. Royster Guano Co. v. W. E. Hedger Co., Inc., 2 Cir., 48 F.2d 86; Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; Pacific Coast S. S. Co. v. Ferguson, 9 Cir., 76 F. 993; The Pennsylvania, 2 Cir., 154 F. 9; The Ada, 2 Cir., 250 F. 194; Luckenbach S. S. Co. v. Gano Moore Co., D.C., 298 F. 343; The Goyaz, D.C., 281 F. 259; Aktieselskabet Fido v. Lloyd Braziliero, 2 Cir., 283 F. 62; Compagnie Francaise De Navigation A Vapeur v. Bonnasse, 2 Cir., 19 F.2d 777; The Loucraft Corporation v. Socieded Metalurgica Durofelguera, The Steamship Ciano and Reading Co., 63 F. Supp. 892, 1945 A.M.C. 1474.

Thus Articles Fourth, Fifth and Sixth should be stricken from the petition and exceptions to interrogatories Second, Third, Fourth, and Fifth should be sustained.

Settle orders on notice.