## PUGET SOUND NAV. CO. v. PUGET SOUND TUG & BARGE CO.

### No. 15058.

District Court, W. D. Washington, N. D.

Jan. 9, 1948.

Merritt, Summers & Bucey, of Seattle, Wash., and Lane Summers and Charles B. Howard, both of Seattle, Wash., for libelant.

Evans, McLaren, Lane, Powell & Beeks, of Seattle, Wash., and W. T. Beeks and J. Allan Evans, both of Seattle, Wash., for respondent.

BOWEN, District Judge.

### Statement of Facts.

Action in personam in admiralty for loss and damage sustained by libelant as the result of the collision of libelant's barges with a bridge pier when the barges were being towed by respondent's tug.

Respondent answered affirmatively that libelant promised to procure insurance to protect respondent on account of the liability here in question.

Libelant excepted to the sufficiency of this affirmative defense, contending the admiralty court had no jurisdiction to consider it.

### Decision

The Court feels that subsequent review and further study of the questions here involved require the Court to come to the same conclusion regarding them as that previously announced.

 As to the question of whether or not the State of Washington statute of frauds relating to sale of personal property and

choses in action applies, the Court rules that such statute does not apply for the reason that no sale is made or contemplated here. The essence of the agreement between these parties with respect to this promise of libelant to obtain insurance for respondent's benefit is that the promissor libelant has agreed to do something in the future but he has not promised to sell anything nor at the time of the promise of making the agreement did he sell any insurance or anything else. So it results that the state statute of frauds relating to sales does not apply.

If any state statute should be applied to this promise to procure insurance, it would be the State of Washington statute of limitations, namely, the three-year statute of limitations which applies to contracts not in writing.

■ The next question then is whether the allegation that the libelant breached the non-maritime contract to procure insurance for respondent's benefit is a defense which can be set up as a defense in this admittedly maritime action which was instituted by the filing of libelant's libel.

On that question the best authority known to the Court is the case of Armour & Company v. Fort Morgan Steamship Company, Ltd., 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571. At page 259 of 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571, in the last third of the opinion on that page may be found the ruling of the Supreme Court which is directly in point on the issue here. In that case the Court held that a defense non-maritime in nature like respondent's affirmative defense here, wherein respondent only as a bar to libelant's action pleads in effect that libelant failed to keep its promise to obtain insurance protection for respondent against the very claim libelant now asserts against respondent, may properly be set up only as a defense against a maritime cause of action such as libelant's. That rule secures to respondent its right to plead only as a defense in this admiralty action such breach of that non-maritime agreement, although the Admiralty Court would have no jurisdiction in or out of this action to grant to respondent for such breach any affirmative relief over and above the amount of libelant's claim against respondent.

The case in the Eastern District of New York, decided in 1946, entitled The D. T. Gilmartin, also known as Kenny Scow Corporation v. Zalud Marine Corporation, et al., 66 F.Supp. 382, is in this Court's opinion not applicable here, because in that case the question was whether or not the original respondent could under the 56th Rule of Admiralty, 28 U.S.C.A. following section 723, bring in a third party as an additional respondent for the purpose of having the Admiralty Court decide whether or not the original respondent had the right, as asserted, to recover over against that third party or additional respondent any sums for which the Court might adjudge the original respondent liable to libelant.

In The Gilmartin case unquestionably the original respondent, under the 56th Admiralty Rule and in the events to follow, sought affirmative relief, independent of any issue which already existed between the original libelant and the original respondent. It was not as against libelant a defense which the original respondent sought to have validated in the original respondent's proceeding to bring in a third party as additional respondent, because the validity of the original libelant's claim is not subject to any matter or thing being asserted by the original respondent as basis for relief against the new respondent. It was just some independent relief which the original respondent sought against the third party which might eventually save respondent from being out of pocket to libelant.

Here in the case now before the Court, all that the respondent seeks to assert is failure of the libelant to give to respondent the benefits of a portion of their contract— that relating to the procuring of marine insurance—and this is asserted not by way of a basis of recovering money against any one, but only as a defense for the purpose of preventing recovery by the libelant against the respondent. It does not seek to have the Admiralty Court adjudicate, as between the original respondent and libelant or any new party, any claim by respondent for affirmative recovery and relief for more than libelant asks of respondent. This alleged breach of the contract to procure insurance is put forth by the respondent merely for the purpose of defeating the libelant's ac-

tion. That subject and subject matter therefore come squarely within the following language of the Supreme Court in the Armour case in 270 U.S. at page 259, 46 S.Ct. at page 214, 70 L.Ed. 571: "Such uses of non-maritime contracts to establish the absence of a valid maritime claim, or a defence as distinguished from a counterclaim * * *, do not deprive the admiralty court of jurisdiction."

The pleading of breach of this alleged non-maritime contract to procure insurance is therefore a proper plea and affirmative defense by the respondent in this case. The exceptions of libelant to the answer and supplemental answer therefore are, as formerly, overruled.