J. G. WARNER, Libellant, and Charles G. Warner Co., Intervening Libellant,

v.

THE Gas Boat BEAR (Official C. G. No. 31–A–405), her engines, tackle, gear and equipment, and Edward T. Sarabia, Owner, Respondents and Third-party Libellants,

McLean & Kristan, Insurance Agents, Third-party Respondents.

No. 7106–A.

District Court, Alaska First Division, Juneau.

Jan. 11, 1955.

John S. Mansuy, Jr., Juneau, Alaska, for libellant.

John H. Dimond, Juneau, Alaska, for intervening libellant.

Mildred R. Hermann, Juneau, Alaska, for respondents and third-party libellants.

R. Boochever, of Faulkner, Banfield & Boochever, Juneau, Alaska, for third-party respondents.

FOLTA, District Judge.

These are actions in rem and in personam to foreclose maritime liens against the respondent vessel and to recover from the owner the amount claimed for repairs made to the vessel.

In his answer, the owner denies that the repairs were made at his request and alleges that they were made at the instance of McLean & Kristan, agents of the insurer. It appears from the third-party libel that the vessel was damaged by striking a submerged rock or reef; that McLean & Kristan authorized the libellants to make repairs, but that after the vessel was repaired, they notified the owner that the loss was not within the terms of the policy; that the policy was delivered by the insurer to the B. M. Behrends Bank, a mortgagee of the vessel, and that because the owner never had possession of the policy he was ignorant of its limited coverage.

By exceptions to the third-party libel, McLean & Kristan challenge the jurisdiction of admiralty over the subject-matter as well as the sufficiency of the claim interposed thereby. The first and third exceptions are clearly without merit; the second and fourth are inter-dependent and overlap to such an extent that a decision of the question of jurisdiction will necessarily dispose of the question of sufficiency.

■ The rule appears to be well established that the claim which furnishes the basis for impleader must be maritime in nature. Of this prerequisite Benedict says, Vol. 2, p. 537, Sec. 350:

"It has been a subject of controversy whether a petition under the 56th Rule [Admiralty Rules, 28 U.S. C.A.] may be based upon a claim of recovery over, which would not sustain an independent action in admiralty, or, in other words, whether the non-maritime character of the third party's obligation, when considered in itself, bars the admiralty court from bringing such third party before it to respond to the principal obligation, which is maritime. The Court of Appeals for the Second Circuit has adopted the view that if the obligation is non-maritime the 7th Amendment of the Constitution of the United States has application and the 56th Rule has not, wherefore such petition must be dismissed and the impleaded party remitted to their rights and remedies at law."

See also Robinson on Admiralty, 22–26, Sec. 4, n. 25, and cases cited.

■ However, it is pointed out in the section quoted that

"A contrary construction has been reached by district courts in several cases proceeding on the theory that responsibility over receives a maritime character from the principal obligation so that the enforcement of a recovery over is but an exercise of equitable power residing in admiralty,"

citing several cases which antedate the enunciation of the view prevailing in the Second Circuit, and the recent case of Eastes v. Superior Oil Company, D.C., 65 F.Supp. 998. It should be noted, however, that what the Court said in the case just cited in support of the minority view is dicta because of its conclusion that the contract on which the impleader action was founded was in fact maritime in nature. It follows, therefore, that according to the view prevailing in the Second Circuit, for which, incidentally, there is abundant authority, a third party may not be impleaded where the claim against him is not maritime in nature. Undoubtedly a contract to procure insurance is not maritime in character, 1 Benedict 138–9, Sec. 67; Marquardt v. French, 2 Cir., 53 F. 603; The City of Clarksville, 7 Cir., 94 F. 201, and hence will not support a petition to implead, The D. T. Gilmartin, D. C., 66 F.Supp. 382, 384. In the case last cited, the Court said:

"The question presented for consideration is whether or not the alleged contract is within the admiralty or maritime jurisdiction of this court. No cases have been cited by the respondent which aid it in its

position. All the cases are to the effect that the admiralty court has no jurisdiction. The cause of action alleged is a common law cause of action for a breach of contract to procure insurance. Upon this issue under the Constitution the respondent-impleaded is entitled to a jury trial."

Had McLean & Kristan, when notified of the loss, done nothing further than decline to pay, the owner could have resorted to an action for negligence, Coffey v. Polimeni, 9 Cir., 188 F.2d 539, or for breach of contract to obtain the insurance applied for. But these are common-law actions not cognizable in admiralty. And it would seem to be an oversimplification to say that by authorizing repairs and thus creating a maritime contract, the agents brought themselves squarely within the language of Rule 56 authorizing the impleading of those "who may be partly or wholly liable either to the libellant or to such claimant or respondent", for as is pointed out in Rudy-Patrick Seed Company v. Kokusai Kisen Kabushiki Kaisha, D.C., 1 F.Supp. 266, 267, the impleading petition must " * * * set forth therein such facts as will show either: (1) A cause of action within admiralty jurisdiction between the impleaded party and the libelant [citing cases]; or (2) a claim for indemnity against the impleaded party and in favor of the petitioner which comes within admiralty jurisdiction."

It would thus appear that two types of claims are authorized under Rule 56. The first type is the simple indemnity situation in which, if A is liable to B, then C is liable to A. In this illustration B has no claim against C and C's liability to A is contingent upon A's liability to B. Illustrative of the second type is a case in which a direct claim, either alternate or joint, is, or may be, asserted against a third party, as where A and C are both liable to B. In this situation, if B asserts a claim against A then A may implead C to prevent a multiplicity of suits and obtain complete relief in one action. A case in which a charterer orders supplies is a further example. The vessel is liable in rem and the charterer in personam. They are alternatively liable and each may be sued but when the supplier proceeds against the vessel, the claimant may implead the charterer as being directly liable to the supplier. The same may be said of collision cases in which a third party is brought in as jointly liable with the respondent.

It will be seen that the instant case would fall within the first category had the owner alone ordered repairs and upon being sued by the repairman sought to implead McLean & Kristan. However, since such a claim would not be cognizable in admiralty, impleader would not lie, The D. T. Gilmartin, supra. But the authorization of repairs by the agents served to introduce an additional element into the case and to impress upon the claim against the agents a maritime character which ordinarily would bring it within the second category. The situation may then be summarized as one in which there is a maritime claim against the vessel and owner, a maritime claim against the agents, but a non-maritime relationship between the owner and the agents. Whether this situation will support an impleader is the determinative question.

I am of the opinion that the question must be answered in the negative. When the problem is rid of confusing considerations and reduced to its essence, it is clear that the underlying cause of action is non-maritime. The ultimate issue is not the negligence of the agents in authorizing repairs, but their liability for failing to procure the policy agreed upon—an issue which is triable at law. Support for this conclusion may be found in The Daylight, 2 Cir., 206 F. 864; The Cetriana, 9 Cir., 232 F. 175; The Providence, 1 Cir., 293 F. 595; Soderberg v. Atlantic Lighterage Corporation, 2 Cir., 15 F.2d 209; Rich v. U. S., 2 Cir., 177 F.2d 688; Aktieselskabet Fido v. Lloyd Brazileiro, 2 Cir., 283 F. 62. Cf. Patel Cotton Co. v.

Steel Traveler, D.C., 107 F.Supp. 191, where although impleader was allowed, the question of jurisdiction was not presented.

The underlying principle of these cases is that the issues to be resolved by the Court must all be of a maritime character. Since the claim under discussion does not meet this test it follows that it does not fall within the jurisdiction of admiralty. Accordingly, I am of the opinion that the second exception should be sustained.