**KOCH–ELLIS MARINE CONTRACTORS, Inc., individually and as claimant of the barge KE–14, Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Appellee.**

No. 15201.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1955.

Joseph V. Ferguson, II, Cobb & Wright, New Orleans, La., for appellant.

Alfred M. Farrell, Jr., and Benjamin W. Yancey, New Orleans, La., Terri-

berry, Young, Rault & Carroll, New Orleans, La., of counsel for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging a written contract of affreightment, the duty of respondent thereunder to furnish a seaworthy barge for the carriage of a cargo of oil, its failure to do so, the sinking of the barge, and the loss of the cargo, appellee, libelant below, brought this suit against respondent and the barge for its damages.

Appellant, respondent and claimant below, denying fault on the part of the respondent and barge, alleged fault on libelant's part in failing to furnish and maintain a proper and safe wharf, and proper watchmen thereat.

In addition to these allegations, respondent, admitting the execution of the written contract, undertook to charge[1] libelant with negligence in failing to provide insurance for respondent's benefit.

In addition to its answer, respondent filed a cross-libel, in which, as a first cause of action, it alleged that the sinking of the barge and the loss of the cargo were due to the fault of libelant and that cross-libelant had sustained damages consisting of the cost of repairs to the barge, the loss of its use and other losses in the sum of $15,000.

As a second cause of action, or counterclaim, respondent, setting out, as it had done in its answer, conversations and understandings with appellant with respect to insurance for the benefit of respondent and the failure of libelant to provide the insurance, sued for the loss of additional compensation of $12,-200, figured at 2 cents per barrel for oil carried by it under the written contract, which it alleged it would have charged but for its reliance upon an agreement of libelant to procure the insurance.

The district judge, on motion of libelant that the counterclaim was non-maritime and non-justiciable in admiralty,[2] dismissed it, and the cause proceeded to trial on the libel and answer and the first cause of action of the cross-libelant. After a full hearing, in the course of which respondent's offer to prove its oral understandings, with respect to the furnishing by libelant of insurance for respondent's benefit, was rejected on libelant's objection, that the contract was

1. In substance this was the charge:

(1) Prior to the signing of the written contract there were oral discussions about insurance.

(2) Respondent understood that Phillips was to self-insure or commercially insure its own cargo.

(3) Respondent assumed there was a "custom of the trade" under which, when the cargo owner insured its own cargo it would also insure the barge owner.

(4) Respondent received the written contract spelling out the reciprocal duties of the parties. Before signing, respondent inquired verbally and was told verbally that Phillips would self-insure or commercially insure its own cargo. Respondent signed the contract, silent on insurance, in the supposed belief that it was there and then insured by Phillips for any eventuality of any kind.

(5) That respondent based its rate and price of towage on its understanding and belief that libelant had assumed the obligation to self-insure or to provide commercial insurance for it without cost to respondent.

(6) That if libelant had informed respondent that the insurance for its benefit had not been and would not be placed, respondent would have procured such insurance for its own account and raised its towage rates accordingly but that libelant negligently failed to do so.

2. That an agreement to insure is non-maritime, see Virginia-Carolina Chemical Co. v. Chesapeake Lighterage & Towing Co., 2 Cir., 279 F. 684; Osterhoudt v. Hedger Transp. Co., 2 Cir., 54 F.2d 282; F. S. Royster Guano Co. v. W. E. Hedger Co., Inc., 2 Cir., 48 F.2d 86. That admiralty is without jurisdiction to entertain a counter-claim for damages arising out of a non-maritime contract, see Armour & Co. v. Ft. Morgan S. S. Co., 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571; Puget Sound Navigation Co. v. Puget Sound Tug & Barge Co., D.C., 75 F.Supp. 404; and The D. T. Gilmartin, D.C., 66 F.Supp. 382 and cases cited in it.

in writing and that, in violation of the parol evidence rule, the offered proof tendered to vary or contradict it, the district judge found as alleged by libelant: that the contract was for a seaworthy barge; that it was breached with resulting damage to, and without fault on the part of, libelant; and that libelant was entitled to a decree.

Insisting on the basis of assignments of error in number many, in substance two, that the decree may not stand, respondent is here seeking its reversal.

As its first argued ground of error, appellant, urging upon us that we have a right to, and should examine the evidence de novo,[3] insists that in finding the barge unseaworthy and respondent and barge at fault for its sinking, the court misapprehended the evidence and the controlling principles of law.

As its second ground, it attacks the ruling of the court rejecting its offer to prove its oral understandings.

Appellee, on its part, urges upon us that the court did not err either in rejecting the proffered proof or in finding the barge unseaworthy and respondent at fault.

As to appellant's first ground, that it was error, to find and hold that the barge was unseaworthy and that respondent was at fault, and not to find that libelant was, appellee insisting, that the evidence fully supports the court's conclusion that there was a duty to furnish a seaworthy vessel and its finding of unseaworthiness and fault, cites in support this court's decision in Thomas Jordan, Inc., v. Mayronne Drilling Mud, Chemical & Engineering Service, 5 Cir., 214 F.2d 410 as directly in point, and relies also on Commercial Molasses Corp. v. New York Tank Barge Corp. 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89, although that case is put forward by appellant and strongly relied on by it.

As to appellant's second ground of error and the letter contract under which the work was to be done, constituted libelant's written proposal and respondent's written acceptance, appellee points out that the contract purported to be and was on its face a completely integrated contract, covering and including all matters properly cognizable under such a contract. So pointing, it insists that if the proof offered by libelant was intended to defeat, vary, limit or otherwise impair the warranty of seaworthiness, or any other obligation of respondent to libelant, it would of necessity be in complete violation of the parol evidence rule, as that rule has been declared and applied in admiralty. Cf. Upper Mississippi Towing Co. v. Calmes, 5 Cir., 162 F.2d 177 and cases cited in Note 3 thereof, and Geotechnical Corp. v. Pine Oil Co., 5 Cir., 196 F.2d 199.

We find ourselves in agreement with appellee on both of its positions.

■ We take up first appellant's second ground, the refusal of its offer of proof. The law is well settled, as contended for by it, that the proof of a parol agreement, dealing with matters independent of and not dealt with in and, therefore, not integrated into the written contract, will not be rejected as violative of the parol evidence rule.[4] It is essential to such a ruling, however, that it be clearly shown that the matter sought to be proven was not, and was not intended to be, dealt with in the written contract, and, therefore, the writing cannot, as to it, be conceived of as completely constituting the contract. Cf. Upper Mississippi Towing Co. v. Calmes, supra.

---

3. Pavlis v. Jackson (The Portaritisa), 5 Cir., 131 F.2d 362; Mosher v. Parker Bros. & Co., 5 Cir., 178 F.2d 419; Socony-Vacuum Oil Co. v. Smith, 5 Cir., 179 F.2d 672. But see Colvin v. Kokusai, etc., 5 Cir., 72 F.2d 44; C. J. Dick Towing Co. v. The Leo, 5 Cir., 202 F.2d 850, 852; McAllister v. U. S., 348 U.S. 19, 75 S.Ct. 6.

4. Cf. Buchanan v. Sinclair Oil & Gas Co., D.C., 126 F.Supp. 950; affirmed Buchanan v. Sinclair, 5 Cir., 218 F.2d 435.

As we have pointed out, however in Breuchaud's case (South Florida Lumber Mills v. Breuchaud), 5 Cir., 51 F.2d 490, and in the other cases cited in the Calmes case, the difficulty is not in stating the rule but in applying it, and that observation is particularly in point here. This is so because, in the first place, it is not at all clear, from the defensive pleading as to this matter, what defense is intended to be asserted,[5] and, in the second place, if it is intended to assert affirmatively in the answer the counterclaim which was asserted in the cross-bill, the non-maritime claim for damages from a breach of a contract to insure, it may not be so asserted. We think, though, construe it as one will, no claim of contract and breach of contract can be made out of it, but, at the most, an inadequate effort to allege a claim sounding in tort, that appellant was misled by appellee's statement of intention to rely upon it and injured by its negligence in failing to carry out that intention.

While, therefore, we think that, in excluding the offer of proof, the district judge gave an incorrect reason, there was no error in his action in not receiving it because nothing pleaded in the answer or offered to be proven could, or would, have affected the written contract and the warranties and obligations arising therefrom.

Of the appellant's first contention, that the findings of the district judge, that respondent was at fault, were, and should be found by us to be, clearly erroneous, it is sufficient to say, we do not think so. On the contrary, we think that the evidence: of the cracks in the barge found after she was raised; that she was left unattended and uncared for; and of the other matters found by the court as evidence of unseaworthiness and fault; fully supports the district judge's findings; and that the decree based on them should be affirmed.

5. The allegations in the cross-libel come nearer to pleading a contract, but no effective appeal was, or could have been, taken from the action of the court in dismissing this claim of the cross-libel.