**STANLEY T. SCOTT & CO., INC., a Washington corporation, Appellee,**

v.

**MAKAH DEVELOPMENT CORPORATION et al., Appellants.**

No. 71-2983.

United States Court of Appeals, Ninth Circuit.

April 8, 1974.

Robert L. Pirtle, of Ziontz, Pirtle & Morisset, Seattle, Wash., for appellant.

Charles E. Watts, Seattle, Wash., for appellee.

Before DUNIWAY, HUFSTEDLER and WALLACE, Circuit Judges.

OPINION

HUFSTEDLER, Circuit Judge:

Appellee Stanley T. Scott & Co., Inc. ("Scott"), a marine insurance broker, at appellants' request obtained underwriters who subscribed Marine Hull and Protection and Indemnity insurance for appellants' fishing fleet; Scott placed an oral binder for the required coverage and advanced the necessary premiums. The policy thereupon issued, and appellants failed to reimburse Scott for the premiums. The issue on appeal is whether Scott's claim to recover its advanced premiums is within admiralty jurisdiction conferred by 28 U.S.C. § 1333.

██ Scott's implied-in-law contractual right to reimbursement for the premiums is integrally related to the marine insurance policy that emerged from appellants' bargain with Scott. (*Cf.* Gilmore and Black, The Law of Admiralty § 2–3, at 52 (1957).) A marine insurance policy is a "maritime contract." (Insurance Co. v. Dunham (1870) 78 U. S. (11 Wall.) 1, 20 L.Ed. 90). Scott's claim "arises out of a maritime contract," and it is thus within admiralty jurisdiction. (Archawski v. Hanioti (1956) 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676; *cf.* Grow v. Loraine K (6th Cir. 1962) 310 F.2d 547.)

Affirmed.

WALLACE, Circuit Judge (dissenting):

The majority has needlessly expanded federal jurisdiction to encompass a suit on a contract to procure marine insurance, a cause of action which has never been within the admiralty jurisdiction. While a policy of marine insurance is a maritime contract, Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870), a contract to procure marine insurance is not any more maritime than a contract to build or to sell a ship, actions which are also not within admiralty jurisdiction.

Because of the difference between marine insurance and other forms of insurance, a suit on a marine insurance policy requires the application of special admiralty rules over which a substantial body of law has developed. Such a suit is peculiarly maritime. But an action on a contract to procure insurance or one for insurance premiums does not involve admiralty law; it involves basic common-law contract doctrine. There is nothing peculiarly maritime about a suit for insurance premiums just because it is on a marine insurance policy. No special aspect of maritime law or maritime matters is involved. That a contract may in some extended way deal with ships does not change a simple breach of a common-law obligation to pay money into an admiralty action. Aware of this distinction, the district courts in this circuit have held that contracts to procure marine insurance are not within admiralty jurisdiction. Warner v. The Bear, 126 F.Supp. 529, 530–531, 15 Alaska 370 (D.C.Alaska 1955); Puget Sound Nav. Co. v. Puget Sound Tug & Barge Co., 75 F.Supp. 404 (W.D.Wash.1948). In a line of cases extending back to 1822 [Andrews v. Essex Fire & Marine Ins. Co., 1 F.Cas. 885, No. 374 (C.C.Mass. 1822)], many other district and circuit courts have so consistently held that a contract to procure marine insurance is not within admiralty jurisdiction that one would have thought that the rule was as well settled as any black letter rule out of a hornbook. St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., Inc., 249 F.2d 905, 908 (8th Cir. 1957); Koch-Ellis Marine Contractors, Inc. v. Phillips Petroleum Co., 219 F.2d 520, 521 n. 2 (5th Cir. 1955); The Barryton, 54 F.2d 282, 284 (2d Cir. 1931); Virginia-Carolina Chemical Co. v. Chesapeake Lighterage & Towing Co., 279 F. 684 (2d Cir. 1922); David Crystal, Inc. v. Cunard Steam-Ship Co., 223 F.Supp. 273, 293 (S.D.N.Y.1963), aff'd, 339 F.2d 295 (2d Cir. 1964), cert. denied, 380 U. S. 976, 85 S.Ct. 1339, 14 L.Ed.2d 271 (1965); D. C. Andrews and Co., Inc. v. United States, 124 F.Supp. 362, 363, 129 Ct.Cl. 574 (1954); The D. T. Gilmartin, 66 F.Supp. 382 (E.D.N.Y.1946); Reliance Lumber Co. v. Rothschild, 127 F. 745, 748–749 (E.D.Pa.1904); City of Clarksville, 94 F. 201, 205 (D.Ind.1899); Marquardt v. French, 53 F. 603 (S.D.N. Y.1893); The Thames, 10 F. 848 (S.D. N.Y.1881).

The necessities of international trade and commerce dictate that the development of maritime law should be along uniform lines. Because the majority opinion directly contravenes an established admiralty rule, destroys the uniformity in application of that rule and constitutes an unwarranted expansion of federal jurisdiction which will needlessly funnel cases into our already overburdened federal system, I would reverse the case and order it dismissed for lack of jurisdiction.