## THE WESTMOOR.

District Court, D. Oregon.    June 10, 1928.

No. A–10299.

**1. Maritime liens ⬥1—"Maritime lien" is privileged claim on vessel in respect to service facilitating its use in navigation or injury caused by it in navigable waters.**

A "maritime lien" is a privileged claim on a vessel in respect to some service rendered to it to facilitate its use in navigation, or an injury caused by it in navigable waters, to be carried into effect by legal process in the admiralty court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Lien.]

**2. Maritime liens ⬥8—To sustain maritime lien, there must be credit to vessel as contracting or offending thing.**

To sustain a maritime lien, there must be in fact or by presumption of law a credit to a vessel, which must be in substance either the contracting or offending thing.

**3. Maritime liens ⬥26—Maritime lien will not be extended by implication, analogy, or construction.**

A maritime lien is a secret one, operating to prejudice of general creditors and purchasers in good faith, and hence will not be extended by implication, analogy, or construction.

**4. Shipping ⬥87—Vessel is not responsible for master's act in furnishing liquor to guest.**

In absence of statute creating lien on vessel, building, or place where intoxicating liquors are unlawfully sold or dispensed, vessel is not responsible, under maritime law, for master's act in furnishing liquor to a guest, who became intoxicated and was fatally injured by fall down stairway on board.

**5. Shipping ⬥87—Statute held not to give lien on vessel for master's wrongful act in furnishing intoxicating liquor to guest on board (Oregon Boat Lien Law).**

Oregon Boat Lien Law (Or. L. §§ 10281–10310), providing that vessel shall be libeled for damages or injury done to person or property by it, does not give lien on vessel for alleged wrongful act of its master in furnishing intoxicating liquor to guest, who became intoxicated and was fatally injured by fall down stairway therein; such statute covering injury caused by vessel, not damage done on board.

In Admiralty. Libel by Madge Mason, as executrix of the estate of James V. Ma-

son, deceased, against the motorship Westmoor, her engines, etc.; the Moore Line, Limited, claimant. Decree for claimant.

Lord & Moulton, of Portland, Or., for libelant.

Erskine Wood, of Portland, Or., for claimant.

BEAN, District Judge. This is a libel filed against a ship. It seems from the testimony that in January, 1928, the Westmoor, a British vessel, came into this port. She had aboard, among her stores, a quantity of intoxicating liquor, all of which were put under seal by the government authorities, except a certain quantity which was released to the captain for medicinal purposes. Soon after the vessel was docked, Mason, the deceased, who was an acquaintance of the captain, went aboard to visit with the captain, and perhaps to partake of his hospitality. The captain thereupon, in violation of his instructions, the instructions of his owner, and in violation of his permit, produced some of this liquor, and Mason drank it to excess, and became intoxicated, and while attempting to go from one part of the vessel to another fell down a stairway and received the injury from which he subsequently died. His administratrix brings this libel against the vessel to recover damages for his death, on the theory that the act of the master in plying him with liquor was unlawful, in violation of law, and that the vessel is responsible for the consequences thereof.

Reliance is had by the plaintiff on the Oregon statutes, and a somewhat similar provision in the Federal Prohibition Act (27 USCA), which gives a right of action to any person injured in his person, property, or means of livelihood by any intoxicated person, against the person unlawfully supplying and furnishing him with liquor. But, assuming, without deciding, that the master in this case violated the law and is liable personally to the plaintiff, the question still remains as to whether that liability constitutes a maritime lien and attaches to the boat.

[1-4] Now a maritime lien is a privileged claim in a vessel in respect to some service rendered to it in the nature to facilitate its use in navigation, or an injury caused by the vessel in navigable waters, to be carried into effect by legal process in the admiralty court. The vessel must therefore be in substance either the contracting or offending thing; to sustain such a lien, there must be, either in fact or by presumption of law, a

credit to the vessel. Such a lien is a secret one, operates to the prejudice of the general creditors and the purchasers in good faith, and therefore will not be extended by implication, analogy, or construction. The statutes on which this action is based do not attempt to create a lien upon a vessel or building or place where intoxicating liquors are unlawfully sold or dispensed, and therefore I take it that under the maritime law the vessel is not responsible for the unlawful act of the master, if it was unlawful, in furnishing liquor to Mr. Mason, whatever his personal liability may be.

[5] Some claim was made that the case came under the Oregon Boat Lien Law (Or. L. 1920, §§ 10281–10310), but that law provides that the vessel shall be libeled for damages or injury done to a person or property by the vessel, and it has been held by the Supreme Court, in construing a similar statute, that it must be an injury caused by the vessel, and not damage done on board. So that I take it, under this record, that the plaintiff is not entitled to a lien upon the vessel for the alleged wrongful act of its master.