## THE ANNETTE ROLPH.

District Court, N. D. California, S. D. January 11, 1929.

No. 19537.

William Denman and William B. Acton, both of San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison, of San Francisco, Cal., for intervener Moore Drydock Co.

Lillick, Olson & Graham, of San Francisco, Cal., for intervener Bethlehem Shipbuilding Corporation.

KERRIGAN, District Judge. The interlocutory decree heretofore entered, ordering the sale of the Annette Rolph, provides for a reference to a commissioner "to ascertain and compute the amount due the libelant and any intervening libelants in the premises, with leave to said libelant and any intervening libelants to contest the amount due to libelant and any intervening libelants, and to submit proofs therein, and *also to contest the priority of the respective claims.*" A motion has now been made to amend the interlocutory decree by striking out the words "and also to contest the priority of the respective claims." The effect of this amendment would be to entitle all claimants making their proof to share equally in the fund, irrespective of the time when the liens from which the claims arise originated.

The liens here in question are all of the same class. The sole question is whether the claims shall be paid in the inverse order of their dates, according to the general admiralty rule, or whether all claimants shall share ratably in the fund. Four of the liens, including one of the largest, date from 1921, one from 1924, and five from 1925.

The usual rule in admiralty is stated as follows (38 C. J. 1239) : "The general principle is that claims of the same nature separated by an appreciable interval are paid in the inverse order of their dates; the later liens really benefiting the older, and the older by delay holding the vessel out to the later lienors as worthy of credit." See also The William Leishear (D. C.) 21 F.(2d) 862.

No special circumstances are shown which would lead to the declaration of an exception to or modification of this general rule for this district. Where such exceptions exist, as on the Great Lakes, in New York Harbor, and in Puget Sound, they are based on the peculiar necessities of local shipping.

Accordingly, the general rule of payment of claims in the inverse order of their creation will be followed in the present case. In applying this principle to the case, the year rule, whereby all liens of the same class accruing in a single year are treated as upon a parity and admitted to equal share in the fund, affords the proper standard for determining priority. The Fort Gaines (D. C.) 21 F.(2d) 865, 1928 A. M. C. 459; The Philomena (D. C.) 200 F. 873; In re New England Transportation Co. (D. C.) 220 F. 203.

The motion to amend the interlocutory decree is denied.