**NORTON v. THE EVAN N.**

**No. 1771.**

United States District Court,
D. Rhode Island.

Dec. 31, 1952.

Harold R. Semple, Providence, R. I., for Norton.

Mortimer W. Newton, Providence, R. I., Joseph R. Libby and Arthur A. Carrellas, Newport, R. I., for intervenors.

LEAHY, District Judge.

This is an admiralty suit in rem against the Fishing Boat Evan N, and involves claims of creditors who have made repairs and furnished supplies to the Evan N.

This Court has jurisdiction under the provisions of 28 U.S.C.A. § 1333.

The case was submitted to the Court for decision on a Statement of Facts agreed to by all the claimants, and on memoranda of law submitted in behalf of the libelant, Frank H. Norton, d/b/a Norton's Shipyard, and in behalf of intervening claimant Henry R. Ballard. No such memoranda were submitted in behalf of intervening claimant Giles P. Dunn, d/b/a G. P. Dunn, or in behalf of intervening claimant Harry M. Allen, Jr., et als., d/b/a Block Island Packing Company.

Although duly notified of the commencement of this action the owners of the Evan N made no appearance before the Court at any stage of the proceedings in this case.

The Evan N was sold by the United States Marshal pursuant to the order of the Court during the pendency of this action, and the amount of $900, which was realized from said sale, has been paid into the Registry of the Court.

There are before the Court four claimants to this fund. No objection has been made to any of the claims as presented, the only question being that of priority of payment.

The claim of the libelant, Frank H. Norton, d/b/a Norton's Shipyard, is for labor

and materials furnished in hauling out and repairing the Evan N. These repairs were made and materials furnished on various dates from November 15, 1948 to July 7, 1951, at a total cost of $1,063.35. Payments on account were credited between April 29, 1950 and July 24, 1950, in the sum of $130, leaving a balance due in the sum of $933.35.

The claim of Giles P. Dunn, d/b/a G. P. Dunn, against the Evan N is in the sum of $436.75, that being the balance due for supplies furnished to the Evan N on various dates prior to 1941. Dunn also claims a balance due of $563.36 from the owners of the Evan N for supplies furnished to them on various dates prior to November 6, 1946. The total of Dunn's claim is in the sum of $1,000.11, which represents his combined claim against the Evan N and her owners. Notice of this claim was filed by Dunn on August 8, 1948 in the Office of the Collector of Customs in Newport, Rhode Island.

The claim of Harry M. Allen, Jr., et als., d/b/a Block Island Packing Company, is for supplies furnished to the Evan N on various dates from August 28, 1949 to August 10, 1950 at a total cost of $146.65. Allowing a credit for a payment on account in the sum of $26.50, leaves a balance due in the sum of $120.15.

The claim of Henry R. Ballard is in the sum of $379.43 for gasoline and oil furnished and for batteries rented to the Evan N on various dates from October 1937 to August 1950.

Title 46 U.S.C.A. § 971 provides as follows:

"§ 971. Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

The purpose of a maritime lien is to enable a vessel to obtain supplies or repairs necessary to her continued operation by giving a temporary underlying pledge of the vessel which will hold until payment can be made or more formal security given. The Everosa, 1 Cir., 1937, 93 F.2d 732.

Admiralty liens of the same class are payable in inverse order of their creation, i. e., the last lien has priority over earlier ones. The John G. Stevens, 1898, 170 U.S. 113, 18 S.Ct. 544, 42 L.Ed. 969. The reason for this is that it is for the benefit of all the interests in the ship that she should be kept in condition to be navigated. The John G. Stevens, supra. All liens in the same class accruing in the same calendar year are treated on an equal basis with respect to priority. Rubin Iron Works v. Johnson, 5 Cir., 1939, 100 F.2d 871; The Annette Rolph, D.C.N.D.Cal.1929, 30 F.2d 191.

The filing of a notice of a lien in the Office of the Collector of Customs does not affect the priority of other liens, since the ship, however much it may be burdened with past liens, should nevertheless be able to obtain credit for her present requirements. The Everosa, supra.

Applying the above principles of maritime lien law to the agreed statement of facts in this case, the Court finds that the priority of the various claims presented to the Court by the four claimants, and the amounts payable to them respectively, to the extent that funds are available in the Registry of the Court, is as follows:

(1) Frank H. Norton, $40.93—for claims arising during 1951.

(2) Frank H. Norton, $1.13, Harry M. Allen, Jr., et als., $16.15, and Henry R. Ballard, $21.50—for claims arising during 1950.

(3) Frank H. Norton, $891.29 and Harry M. Allen, Jr., et als., $104—for claims arising during 1949. Each claimant in this group shall be paid such proportion of the amount available as his claim bears to the combined claims in this classification.

Because of the priority of the above claims, no funds are available for distribution to claimant Henry R. Ballard with respect to the balance of his claim, or to claimant Giles P. Dunn.

Counsel may present to the Court on January 12, 1953 a form of final order provid-

ing in detail for the allowance and payment of proper charges, fees, and expenses to be paid out of the proceeds now in the possession of the United States Marshal from the sale of the Evan N, and for distribution of the balance then remaining in accordance with the findings herein.