J. G. WARNER, Libellant, and Charles G. Warner Co., Intervening Libellant,

v.

THE Gas Boat BEAR (Official C. G. No. 31-A-405), her engines, tackle, gear and equipment, and Edward T. Sarabia, owner, Respondents.

No. 7106-A.

District Court, Alaska.
First Division, Juneau.

May 6, 1955.

John S. Mansuy, Jr., Juneau, Alaska, for libellant.

John H. Dimond, Juneau, Alaska, for intervening libellant.

Mildred R. Hermann, Juneau, Alaska, for respondents.

FOLTA, District Judge.

This is the second phase of this litigation over liability for repairs to the vessel named. The first dealt with the question whether the claim of the owner against the agents of the insurer was such as might furnish a basis for impleader in admiralty. That question was decided adversely to the owner, D.C., 126 F.Supp. 529. The question now before the court is whether the libellant and intervening libellant are entitled to maritime liens against the vessel. The owner contends that they are not, because the repairs made were not authorized by him or his agent within the purview of 46 U.S.C.A. § 971 et seq., and that it is the agents of the insurer who are liable.

It appears that the damage sustained by the vessel was not within the risks of the policy because of the inclusion of a "winter lay-up" clause, and that this exception was overlooked by the agents at the time they directed the owner to have a survey made of the damage. The libellant acted in a dual capacity * * * as maritime surveyor for the underwriters and as agent for the shipyard. Upon submitting a report of his survey he was informed by the agents that the vessel was covered and directed to make repairs. While it was on the ways undergoing repairs to the hull, the intervening libellant, at the request of the libellant, repaired the damage to the machinery and it was at the intervening libellant's

place of business where the final work of re-aligning the propeller shaft to eliminate vibration was done.

 When it was subsequently discovered that the risk was not within the policy, the libellants proceeded against the vessel and also the owner, who defends on the ground that what the agents did could not be made the basis of a lien against the vessel. The question presented is whether, because of their reliance upon the representations of the agents as to the existence of insurance, the libellants are now precluded from proceeding against the vessel and her owner. Personal liability of the owner must, of course, rest on contract, express or implied, but in either event, there must be mutual assent, 1 Williston, Rev. Ed., 93–8, Secs. 36, 36a; 12 Am. Jur. 502, Sec. 6. Here there was no agreement that the owner would be personally bound and no understanding or expectation on the part of the libellants that he would pay. Moreover, assuming arguendo that recovery may be had in admiralty on a contract implied in law, it does not appear in the situation dealt with here that the libellants could recover on the theory of quasi-contract. Restatement Restitution 162, Sec. 41b (II). I conclude, therefore, that the libellants, having failed to sustain the burden of proving a contract, may not recover against the owner.

█ Whether a lien may be impressed upon the vessel is governed by 46 U.S. C.A. § 971 et seq. The crucial question is whether the acts of the agents in directing repairs can be held to have been authorized by the owner so as to bind the vessel under the statute cited. The case is apparently one of first impression and diligent search has failed to reveal any cases presenting even a reasonably close analogy. In this situation considerable weight should, in my opinion, be given to the considerations underlying the theory and purpose of maritime liens to the end that their efficacy as security devices be not materially impaired. The owner participated in or was present during much of the negotiations for the repair of the vessel; he frequently appeared on the scene thereafter and noted the progress of the work, and he has received the full benefit thereof. These circumstances are sufficient, in my opinion, to estop him from denying that the agents lacked authority to bind the vessel. Initial reliance upon the insurers should not therefore be held to constitute a waiver of the libellants' right to a lien, Robinson on Admiralty 394–396, Sec. 54; Interstate Tractor & Equipment Co. v. The Mylark, D.C., 90 F.Supp. 466, cf. Whiting v. Rubinstein, 10 Wash.2d 5, 116 P.2d 305, and Marshall & Co. v. The President Arthur, 279 U.S. 564, 49 S.Ct. 420, 73 L.Ed. 846.

Accordingly, I conclude that the libellants are entitled to liens equal in rank and priority against the vessel.