**ARQUES SHIPYARDS, a sole proprietorship, Libelant,**

v.

**THE S.S. CHARLES VAN DAMME, her engines, boilers, tackle, apparel and furniture, Respondent.**

No. 27850.

United States District Court
N. D. California, S. D.
May 26, 1959.

872

Herron & Winn, San Francisco, Cal., for libelant.

Ludford S. Kalfos, Sausalito, Cal., in pro. per.

Thacher, Jones, Casey & Ball, San Francisco, Cal., for claimant trustee in bankruptcy.

Robert H. Schnacke, U. S. Atty., by Charles E. Collett, Asst. U. S. Atty., San Francisco, Cal., for claimant Department of Internal Revenue.

WOLLENBERG, District Judge.

· This libel in rem alleges a maritime lien (46 U.S.C.A. § 971) for "wharfage, berthage, dockage facilities, towing and materials to be used in and upon said vessel." The exceptions to the libel challenge the Court's jurisdiction on the ground that the respondent vessel S. S. Charles Van Damme, was not within the maritime jurisdiction.

The affidavit in support of the exceptions states that on December 1, 1957, the respondent vessel was towed to Jack London Square, Oakland, California, where it was opened for business as a restaurant. The affidavit then sets forth facts showing that said vessel was permanently connected to the mainland.

■ However, it seems clear that admiralty jurisdiction does not depend on respondent's classification when in use as a restaurant, but rather on (1) whether the materials furnished and the services performed were capable of giving rise to a maritime lien, or (2) the respondent's status at such time. The fact that services and materials are furnished to a *vessel* which is within the admiralty jurisdiction is not necessarily determinative of whether or not a maritime lien arises. See Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co., 1920, 254 U.S. 1, 41 S.Ct. 1, 65 L.Ed. 97. The services and materials must be for the purpose of facilitating its use in navigation or maritime commerce. See The Westmoor, D.C. Or.1928, 27 F.2d 886, 887; Norton v. The Evan N., D.C.R.I.1952, 109 F.Supp. 505. Libelant's affidavit states that the maritime lien is based on materials and services furnished prior to December 1, 1957. If this is so, then such period is the crucial time for testing admiralty jurisdiction. The question of respondent's status when *in use as a restaurant* would be immaterial except in so far as the nature of the services and materials related to such use. If a maritime lien arose at the time such services and materials were furnished it seems clear that a Court of Admiralty could not be ousted from jurisdiction by subsequent changes in the character of the respondent S. S. Charles Van Damme. The parties have not furnished the Court with information concerning (1) the nature or purpose of the services and materials furnished respondent, nor (2) the S. S. Charles Van Damme's status at such time.

Therefore, in accordance with the above opinion, the exceptions to the libel are hereby overruled.