PIERSIDE TERMINAL OPERATORS,
INC., Plaintiff,

v.

M/V FLORIDIAN, in rem, et al.,
Defendants.

LUCKENBACH STEAMSHIP CO.,
INC., Plaintiff,

v.

M/V FLORIDIAN, etc., Defendants.

GULF OIL TRADING COMPANY,
Plaintiff,

v.

M/V FLORIDIAN, etc., Defendants.

Civ. Nos. 5–73–N, 9–73–N and 176–73–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Aug. 6, 1974.

See also, D.C., 374 F.Supp. 27.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Pierside.

Crenshaw, Ware & Johnson, Norfolk, Va., for Luckenbach.

Willcox, Cooke, Savage & Lawrence, Norfolk, Va., for Gulf Oil.

Burt M. Morewitz, Newport News, Va., for Don Julio Corp. and Mike Cruz Machine Shop, intervenors.

No appearance for Floridian and Marine & Marketing International.

Seawell, McCoy, Winston & Dalton, Norfolk, Va., for Containerships, Inc.

## MEMORANDUM AND ORDER

HOFFMAN, District Judge.

Don Julio Corporation and Mike Cruz Machine Shop, Inc. have filed motions for summary judgment against Containerships, Inc., former owners of the FLORIDIAN, for certain debts for repairs to the FLORIDIAN ordered by Marine and Marketing International Corporation, the bare boat charterer of the FLORIDIAN.

It has long been the maritime law that the owners of a vessel are not

personally liable for goods or services furnished to the vessel on order of a bare boat charterer of the vessel. The U.S. 219, 21 F.Supp. 463 (E.D.Pa.1937); The Lizzie Burt, 16 F.Supp. 67 (D.Del. 1936).

It is movants' contention that the 1971 amendment to 46 U.S.C. § 973[1] changed the previously stated rule of law and made the owner liable, *in personam*, for the obligations of the charterer. We find no support for such a contention in either the statute or the congressional history of the statute.

■■ 46 U.S.C. §§ 971–973 are concerned with the statutory creation and regulation of maritime liens. A maritime lien is defined "as a right of property in a ship adhering to it wherever it may go, vesting a right in the person whose claim is thereby secured to cause a sale of the ship in a proceeding directly against it in order to obtain satisfaction of his debt." The Rupert City, 213 F. 263, 267 (W.D.Wash.1914). The maritime lien is a lien on a vessel and only indirectly, inasmuch as it conflicts with the owner's rights in the vessel, is it connected with the owner.

The maritime lien is a proprietary interest or right in the steamer itself, and not a cause of action or demand for a personal judgment against its owner. The Theodore Roosevelt, 291 F. 453, 461 (N.D.Ohio 1923), pet. dismissed 10 F.2d 15, 6th Cir., cert. den. 271 U.S. 674, 46 S.Ct. 488, 70 L.Ed. 1145.

■ The 1971 amendment of 46 U.S. C. § 973 was intended to alter only the requirements for establishing a maritime lien; it neither enlarges nor diminishes an owner's *in personam* liability which is a separate and distinct matter from the *in rem* liability of the vessel. The Merchant Marine and Fisheries Committee of the House stated in their report on the bill:

### Purpose of the Bill

The purpose of the bill, H.R. 6239, is to protect terminal operators, ship chandlers, ship repairers, stevedores and other suppliers who in good faith furnish necessaries to a vessel. At the present time, a "prohibition of lien" clause in a charter party and the Ship Mortgage Act preclude a supplier from acquiring *a lien on a vessel* for necessaries furnished to the vessel. The bill would amend the Ship Mortgage Act to permit a supplier to acquire *such a lien* despite a "prohibition of lien" clause in the charter party. H.R. No. 92–340, July 8, 1971, U. S.Code Cong. & Admin.News, p. 1363 (emph. added).

1. 46 U.S.C. §§ 971–973 formerly read:

§ 971. Persons entitled to lien

Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel.

§ 972. Persons authorized to procure repairs, supplies, and necessaries

The following persons shall be presumed to have authority from the owner to procure repairs, supplies, towage, use of dry dock or marine railway, and other necessaries for the vessel: The managing owner, ship's husband, master, or any person to whom the management of the vessel at the port of supply is intrusted. No person tortiously or unlawfully in possession or charge of a vessel shall have authority to bind the vessel.

§ 973. Notice to person furnishing repairs, supplies, and necessaries

The officers and agents of a vessel specified in section 972 of this title shall be taken to include such officers and agents when appointed by a charterer, by an owner pro hac vice, or by an agreed purchaser in possession of the vessel; but nothing in this chapter shall be construed to confer a lien when the furnisher knew, or by exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor.

The 1971 amendment removed the language after the semicolon in § 973.

Nowhere is there a suggestion that the amendment was intended to alter the owner's *in personam* liability.

Since neither the statute itself nor the congressional intent supports the contention that the amendment reversed the law as heretofore applied, the motions are denied.

It is so ordered.