### HOME INS. CO., NEW YORK, v. MERCHANTS' TRANSP. CO.

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4911.

**1. Admiralty ⟨⟩ 10—Suit by insurer to recover money paid on marine policies induced by misrepresentations by insured held not within admiralty jurisdiction.**

A suit by an insurance company to recover money paid on marine policies, on the ground that payment was made in reliance on misrepresentations by insured as to compliance with provisions of the policies respecting seaworthiness of the vessel, is not within the admiralty jurisdiction; the suit not being one on the contract, but essentially an action for fraud and deceit.

**2. Admiralty ⟨⟩ 10—Admiralty is without jurisdiction of nonmaritime transactions following execution of maritime contracts.**

Admiralty has no jurisdiction over nonmaritime transactions following the execution of maritime contracts.

**3. Admiralty ⟨⟩10—Contract enforceable in admiralty must be wholly maritime.**

A contract enforceable in admiralty must be wholly maritime.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in admiralty by the Home Insurance Company, New York, against the Merchants' Transportation Company. From a decree dismissing the libel for want of jurisdiction, libelant appeals. Affirmed.

For opinion below, see 12 F.(2d) 931.

The court below dismissed, for want of jurisdiction in the admiralty, a libel in personam presenting two causes of action, brought by the appellant to recover the sums of money which it paid to the appellee upon two policies of insurance—one a policy upon the hull of a vessel, upon which the appellant paid $4,050; the other a policy covering marine risks for disbursements and/or earnings upon which the appellant paid $2,000. The libel alleged that in the policy upon the hull it was provided that the same was warranted to be subject to English law and usage as to liability for and settlement of any and all claims, and that by English law and usage it is provided that "where, with the privity of the assured, the ship is sent to sea in an unseaworthy state, the insurer is not liable for any loss attributable to unseaworthiness"; that as to the second policy a warranty of seaworthiness was implied under the statutes of Washington, where the contract was made. The libel alleged that the vessel so insured was with the privity of the assured sent to sea in an unseaworthy condition, and as the result of her unseaworthiness, while on her voyage, she sank and became a total loss; that the appellant paid said sums on said policies without knowledge or means of knowing that the vessel was sent to sea in an unseaworthy state, and upon the representation of the appellee that it had complied with all the provisions of the policies and of the law applicable thereto, and was entitled to recover said sums; that it was in ignorance, misapprehension, misinformation, and mistake of the true fact of such unseaworthiness and the appellee's privity thereto that the appellant paid said losses, to its damage in the sums so paid; and that the appellee holds said sums to the appellant's use as for money had and received.

W. H. Bogle, Lawrence Bogle, Cassius E. Gates, and John C. Bowen, all of Seattle, Wash., for appellant.

Overton G. Ellis and Robert E. Evans, both of Tacoma, Wash., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] Jurisdiction in admiralty in cases of contract depends upon the nature of the contract, "and is limited to contracts, claims, and services purely maritime and touching the rights and duties appertaining to commerce and navigation." The Eclipse, 135 U. S. 599, 608, 10 S. Ct. 873, 34 L. Ed. 269. A contract of marine insurance is a maritime contract. Insurance Company v. Dunham, 11 Wall. 1, 20 L. Ed. 90. But a contract to procure marine insurance is not enforceable in admiralty. Marquardt v. French (D. C.) 53 F. 603. Nor is a contract by a carrier by water to procure insurance on goods received for transportation a maritime contract. City of Clarksville (D. C.) 94 F. 201. In Plummer v. Webb, 4 Mason, 380, Fed. Cas. No. 11,233. Judge Story said: "In cases of a mixed nature it is not a sufficient foundation for admiralty jurisdiction that there are involved some ingredients of a maritime nature. The substance of the whole contract must be maritime." In Williams v. Providence Washington Ins. Co. (D. C.) 56 F. 159, it was held that admiralty has no jurisdiction of an action to reform a policy of marine insurance. Said the court: "The complaint is, in fact, an action for false and fraudulent representations, by which the libelant was induced to accept the policy, supposing that he was insured for the Sound, when he was not. Such an action is not upon the policy itself, but upon the negotiations leading to it." Courts of admiralty cannot entertain an original bill or libel for specific performance, or to correct a mistake, or to grant relief against a fraud. Andrews & Shepherd v. Essex Fire & Marine Ins. Co., 3 Mason, 6, Fed. Cas. No. 374.

[2] In United Transp. & L. Co. v. New York & Baltimore T. Line (C. C. A.) 185 F. 386, it was held that admiralty has no jurisdiction over nonmaritime transactions following the execution of maritime contracts. This was held in reference to a counterclaim for damages on account of excessive charges paid to the libelant by the respondent under a prior contract between them, which contract was alleged to be void and fraudulent, for the reason that the respondent's general manager, who made it, was also an officer of the libelant and betrayed the trust imposed in him by the respondent.

Said the court: "The matter is not maritime. The fundamental question is whether the general manager of the respondent corporation, induced by his interest in the libelant corporation, betrayed his trust, and this question is not maritime in its nature."

The appellant admits that its causes of action are in the nature of assumpsit for money had and received, and contends that, while it is true that the libel alleges that the appellee made incorrect proofs of loss, and that the payments were made under "misapprehension, misinformation, mistake, and ignorance of the facts," those allegations are not the basis of the causes of action, but are inserted to show admiralty jurisdiction, in that the question of the right to recover involves the construction of maritime contracts and the application of principles of maritime law, and it relies upon United States Shipping Board v. Banque Russo Asiatique (C. C. A.) 286 F. 918, The John Francis (D. C.) 184 F. 746, Allanwilde Corp. v. Vacuum Oil Company, 248 U. S. 377, 39 S. Ct. 147, 63 L. Ed. 312, 3 A. L. R. 15, and Int. Paper Co. v. The Gracie D. Chambers, 248 U. S. 387, 39 S. Ct. 149, 63 L. Ed. 318.

In the first two cases so cited the libels were brought to recover money exacted under duress and paid under protest. The parties to those actions were in the same attitude to the litigation that they would have been in, had the action been brought directly upon the contracts, and the only question before the court was the proper construction of contracts of affreightment and the determination of the rights of the parties thereunder. The same substantially is true of the Allanwilde and Gracie Chambers Cases. The question of jurisdiction was not raised or discussed in those cases, and decisions there turned wholly upon the meaning of the provisions of charter parties.

Those cases differ from the case at bar. Here the action is not merely an action on a maritime contract or tort, nor a suit to enforce liability under the covenants of policies of marine insurance. It is an action growing out of certain alleged inequitable acts of the appellee, and primarily its purpose is to recover money obtained by means of fraud and false representations. In such a case, in an action for damages as for tort, it is sufficient to entitle the plaintiff to recover if he has so far relied upon the false representations of the insured that, but for such representations, the payments would not have been made. Hartford Ins. Co. v. Matthews, 102 Mass. 221. Money so paid may also be recovered in an action as for

money had and received, Western Assurance Co. v. Towle, 65 Wis. 247, 26 N. W. 104; or by a suit in equity, McConnel v. Delaware M. S. Ins. Co., 18 Ill. 229.

[3] In either form of action the first question for determination is whether or not the appellee imposed upon the appellant by false proofs of loss, and the appellant, in ignorance of the fraud, paid the money upon the policies. In a case where, as here, the plaintiff has delayed more than two years after the payment before bringing his action, the time when he discovered the fraud may be decisive of his right to recover. A contract enforceable in admiralty must be wholly maritime. Grant v. Poillon, 20 How. 162, 15 L. Ed. 871. Citing that case, Chief Justice Taney, in Turner v. Beacham, Taney, 583, Fed. Cas. No. 14,252 said: "And I consider it to be a clear rule of admiralty jurisdiction that although the contract which the party seeks to enforce is maritime, yet if he has connected it inseparably with another contract, over which the court has no jurisdiction, and they are so blended together that the court cannot decide one, with justice to both parties, without disposing of the other, the party must resort to a court of law, or a court of equity, as the case may require."

No precedent is found presenting the precise question here involved, and its decision is attended with some difficulty, but we are not convinced that the court below erred in denying the jurisdiction.

The decree is affirmed.