\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of

(9th Cir. 1964); Park-In-Theaters v. Perkins, 190 F.2d 137 (9th Cir. 1951). The District Court does not appear to have made such a finding, nor does the record seem to provide support for such a determination. Indeed, the ultimate result seems to speak to the contrary.

The District Court is reversed upon its award of attorney fees to Day-Glo in connection with the earlier contempt proceedings.

In all other respects judgment is affirmed.

No costs are awarded.

**INTERSTATE FIRE INSURANCE COM-PANY, Plaintiff-Appellant,**

v.

**J. Ed SAYERS, Defendant-Appellee.**

**No. 72–2531**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1972.

---

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

R. Kelly Raulerson, Marietta, Ga., for plaintiff-appellant.

Virginia A. Bonner, Atlanta, Ga., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

To accommodate Handleman Fabrics, Inc., in obtaining a loan of $30,000.00 from the Bank of Fulton County, Sayers executed an agreement to indemnify Interstate Fire Insurance Company for any loss it sustained by virtue of its issuing a financial guaranty bond as security for payment of the loan to Handleman. Sub-sequently Handleman defaulted and Mount Vernon Surety Company, on behalf of Interstate, the insuring company, paid the bank $25,729.16. Under reinsurance agreements between Interstate, Mount Vernon, and Old Reliable Insurance Company, Interstate bore 40 percent of the loss, or $10,291.66, and the other two companies each bore 30 percent of the loss. In a non-jury trial the district court limited Interstate's recovery to the 40 percent proportion of the loss allocated to it, i.e., $10,291.66. Interstate appeals. We reverse.

The evidence is undisputed and no attack is made on the findings of fact except with respect to the finding that "[a]s a result of that [pooling] arrangement, it [Interstate] sustained a loss of Ten Thousand, Two Hundred and Ninety-One and Sixty Six Cents ($10,291.66) Dollars, *which is the obligation of the defendant under the Indemnity Agreement.*" (Emphasis supplied). This finding was predicated upon the syllogism that, since Interstate's contribution to the loss was limited to 40 percent under the reinsurance agreements with Mount Vernon and Old Reliable, and since they were the real parties in interest with respect to 60 percent of the loss but had not joined in bringing suit to recover the full amount of the loss from Sayers, Interstate's recovery must be limited to the percentage of the loss which it bore.

The amount of Interstate's loss is not controverted. That, however, does not measure the obligation of the defendant under the indemnity agreement. His obligation to Interstate was the full amount of the loss, irrespective of Interstate's right to reimbursement by its reinsurers. Sayers does not contend, nor could he, that payment of $10,291.66 would extinguish his liability of $25,729.16. He apparently would have us hold that there are three real parties in interest, Interstate, Mount Vernon, and Old Reliable, and therefore each of them must sue him for its percentage of the total loss.

The fact that Interstate, upon recovery from Sayers, is required to reimburse its

reinsurers for their percentage of the loss is beyond the orbit of Sayers' interest and the procedural problem fits squarely within the definition of "real party in interest" under Rule 17(a), Fed. R.Civ.P., 28 U.S.C.A.:

> Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought * * *.

The third party beneficiary phrase contained in Rule 17(a) is applicable here. As succinctly put in Wright and Miller, Federal Practice and Procedure, Civil § 1549:

> The next to the last person expressly identified in Rule 17(a) as a real party in interest is "a party with whom or in whose name a contract has been made for the benefit of another." This language was taken from Equity Rule 37 and incorporates the common law and code rule that the holder of a legal right always is the proper person to bring an action. Indeed, before code procedure became popular in the states, the general practice was that the person in whose name the contract had been made was the only appropriate party to enforce a contract. In equity, however, the maker of a contract for the benefit of another was not a real party in interest unless he retained a material interest in the claim; thus, ownership of a bare legal title to a contract right might not be sufficient to sue in equity. Rule 17(a) insures that the materiality requirement of the former equity practice will not prevent the maker of a third-party beneficiary contract from being a real party in interest. (Footnotes omitted).

See also Staten Island Rapid Transit Ry. v. S.T.G. Const. Co., 2 Cir. 1970, 421 F. 2d 53; Prudential Oil & Minerals Co. v. Hamlin, 10 Cir. 1960, 277 F.2d 384.

Finally, the third party beneficiary interests of Mount Vernon and Old Reliable were explicitly spelled out in the indemnity agreement which provided:

> In the interpretation, application, operation and enforcement of this Agreement, the following additional provisions shall also govern, to wit:
>
> (1) This agreement shall be liberally construed and applied so as fully to protect the interests of Surety, and all of the terms and provisions of this Agreement shall also apply to and operate for the benefit of Surety's co-sureties and reinsurers as their respective interests may appear.

We conclude that Interstate was entitled to recover the full amount of the loss under the indemnity agreement, i.e., $25,729.16, plus statutory attorney's fees of $2,597.21. The judgment of the district court is reversed and the cause is remanded with directions to enter judgment for Interstate in the foregoing amounts.

Reversed and remanded with directions.