No. 84–6140. ACHAWAMETHEKUL *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied.

No. 84–6142. DAY *v.* UNITED STATES. Ct. App. D. C. Certiorari denied.

No. 84–6162. SMITH *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied.

No. 84–6163. CHUA HAN MOW *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 84–6169. LEVINE *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied.

No. 84–6177. SILVA *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 84–6178. SMITH *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied.

No. 84–6184. BARNARD *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 84–6185. GREER *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 84–559. PERALTA SHIPPING CORP. *v.* SMITH & JOHNSON (SHIPPING) CORP. C. A. 2d Cir. Certiorari denied. JUSTICE BRENNAN would grant certiorari.

JUSTICE BLACKMUN, with whom JUSTICE MARSHALL joins, dissenting.

The admiralty jurisdiction of the federal courts extends generally to a transaction that "'relates to ships and vessels, masters and mariners, as the agents of commerce.'" *Kossick* v. *United Fruit Co.*, 365 U. S. 731, 736 (1961), quoting 1 E. Benedict, Admiralty 131 (6th ed. 1940). Notwithstanding the broad sweep of the admiralty jurisdiction, this Court, since the time of its single-page opinion in *Minturn* v. *Maynard*, 17 How. 477 (1855), has refused to extend admiralty jurisdiction to disputes involving general agency contracts that call for "husbanding" a vessel, that is, arranging for the performance of the various services that are preliminary to maritime movement. This case presents an opportunity to address the continued vitality of this much-criticized exception to admiralty jurisdiction, an exception that has been