### SYNDICATE 420 AT LLOYD'S LONDON

v.

### GLACIER GENERAL ASSURANCE COMPANY, et al.

Civ. A. Nos. 83–5787, 85–504 and 85–643.

United States District Court, E.D. Louisiana.

April 10, 1986.

---

**2.** This period of time is excluded under the Speedy Trial Act. 18 U.S.C.A. §§ 3161(h)(1)(A) and 3161(h)(4) (West 1985).

Dexter L. Delaney, P.C., Mulroney, Delaney, & Scott, Missoula, Mont., Burke & Meyer, James G. Burke, Jr., David L. Carrigee, Kimbley A. Kearney, New Orleans, La., for Glacier General Assur. Co.

Sam E. Haddon, Boone, Karlberg & Haddon, Missoula, Mont., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Syndicate 420 at Lloyds.

Faris, Ellis, Cutrone & Gilmore, Clarence A. Frost, New Orleans, La., for Underwriters at Lloyds.

Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittmann, New Orleans, La., for defendants.

Robert E. Leake, Jr., Joseph F. Clark, Jr., Hammett, Leake & Hammett, New Orleans, La., for E & O Underwriters.

Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Robert E. Barkley, Jr., T.A., Francis R. White, III, Arnd N. Von Waldow, New Orleans, La., for Allstate Ins. Co., Ltd.

Preis, Kraft, Laborde & Daigle, Gregory J. Laborde, Lafayette, La., for International Surplus Lines Ins. Co.

Philip Rocher, London, England, Liquidator for KBS.

Brunswick G. Deutsch, Francis J. Barry, Jr., T.A., Deutsch Kerrigan & Stiles, New Orleans, La., for Lowndes Lambert Group.

Larzelere, Ellefson & Pulver, W.J. Larzelere, Jr., Russel D. Pulver, New Orleans, La., for Standard Marine Underwriters, Inc. and Edward G. Brennan.

## ORDER AND REASONS

FELDMAN, District Judge.

Defendants, Standard Marine Underwriters, Inc. (SMU) and Edward G. Brennan move the Court to dismiss the claim of plaintiff, Syndicate 420 at Lloyd's London, for lack of subject matter jurisdiction.

Syndicate 420 instituted this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202, against Glacier General Assurance Company to have the Court declare null and void the reinsurance by SMU of the marine insurance portfolio of Glacier. The reinsurance was procured under a binding authority issued by Syndicate 420. Alternatively, Syndicate 420 sued SMU, Brennan, the Errors and Omissions insurer of SMU and Brennan, A.W. Knott Becker Scott, Ltd., and KBS's E & O underwriters for indemnification, alleging that SMU, Brennan and KBS breached their duties of utmost good faith in failing to disclose material facts and abused, or allowed the abuse of, the binding authority. The Court previously denied a motion to dismiss brought by defendant, Glacier, and held that the Court had admiralty jurisdiction over plaintiff's claim against Glacier, which concerns marine reinsurance.

SMU and Brennan, however, again challenge the Court's jurisdiction as to plaintiff's claims against them. They urge a new ground. Defendants contend that since several of the members of Syndicate 420 are Louisiana citizens, this Court has no diversity jurisdiction over the Syndicate's claim against SMU and Brennan because both defendants are also citizens of Louisiana. Defendants also contend that this Court does not have admiralty jurisdiction over them. Defendants argue that plaintiff is seeking a declaration of its rights and obligations under a Cover Note which is a contract between Syndicate 420 and SMU. In the Cover Note, SMU was given authority to adjust, settle or compromise claims on behalf of Syndicate 420. Discovery has established that the only issue between plaintiff, SMU and Brennan relates to the contract negotiations and representations made concerning the use of the Cover Note.

Defendants argue that the Cover Note is not a policy of insurance, nor is it a policy of reinsurance. On its face, the Cover Note provides that the contract holder, SMU, may insure or reinsure the risks specified up to a limit of $125,000 under terms accepted by the contract holder. They contend that the Cover Note is noth-

ing more than permission granted to SMU by the Syndicate to write insurance risks on its behalf; that it is merely a contract preliminary to the formation of a contract of insurance. Defendants contend that admiralty law does not apply to such a contract. *Frank B. Hall & Co. v. S.S. SEAFREEZE ATLANTIC*, 423 F.Supp. 1205, 1209 (S.D.N.Y.1976); *F.S. Royster Guano Co. v. W.E. Hedger Co.*, 48 F.2d 86 (2nd Cir.1931) cert. denied 283 U.S. 858, 51 S.Ct. 651, 75 L.Ed. 1464; *Koch-Ellis Marine Contract v. Phillips Petroleum Co.*, 219 F.2d 520 (5th Cir.1955); *Home Ins. Co., New York v. Merchant's Trans. Co.*, 16 F.2d 372, 373 (9th Cir.1926). They claim, therefore, that the Court must dismiss the plaintiff's claim against Brennan and SMU for lack of subject matter jurisdiction.

Plaintiff argues that the demand against SMU and Brennan is based upon the same nucleus of facts as those involving Glacier; that is, the misrepresentations and failure to disclose material facts in obtaining the binding authority and abuse of the binding authority to reinsure the Glacier marine portfolio. Although plaintiff does not concede that there is no admiralty jurisdiction over its claim against SMU and Brennan, it argues that jurisdiction nevertheless exists by reason of pendent party jurisdiction, and that no independent ground for jurisdiction is needed. *Leather's Best, Inc. v. S.S. MORMACLYNX*, 451 F.2d 800 (2nd Cir. 1971); *In re Oil Spill by the Amoco Cadiz Off the Coast of France*, 699 F.2d 909 (7th Cir.1983) cert. denied, *Astilleros Espanoles, S.A. v. Standard Oil Company (Indiana)*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983).

Plaintiff admits that the Cover Note is not a maritime contract, but goes on to urge that the claims asserted by Syndicate 420 against Brennan and SMU "arise out of an underlying maritime contractual relationship", thus making such claims subject to the admiralty jurisdiction of the Court. (Plaintiffs alternative claims of the existence of diversity jurisdiction in a consolidated case are unnecessary to a decision on this Motion.)

For the reasons herein stated, the Court denies defendant's Motion.

Defendants contend that this Court lacks both diversity and admiralty jurisdiction over SMU and Brennan in this controversy. The Court agrees with these contentions, but the analysis does not stop there.

The law is settled that contracts or agreements to procure marine insurance are not maritime and fall outside the admiralty jurisdiction. See *Home Ins. Co., New York v. Merchant's Transp. Co.*, 16 F.2d 372 (9th Cir.1926); *Frank B. Hall & Co. v. S.S. SEAFREEZE ATLANTIC*, 423 F.Supp. 1205, 1209 (S.D.N.Y.1976); *Warner v. THE BEAR*, 126 F.Supp. 529, 1 Alaska 370 (D.C.1955). Thus, the Cover Note and the representations which form the basis of the plaintiff's claims against these defendants are clearly not within the Court's admiralty jurisdiction since they do not directly concern the marine reinsurance over which plaintiff has sued Glacier. The claims, however, are closely related. They are inextricably intertwined. They are inseparable under these facts. The close nature of these claims triggers the applicability of the doctrine of pendent party jurisdiction, which the Court finds particularly suited to the circumstances of this case.

The Court has reviewed the cases which discuss the doctrine of pendent party jurisdiction, beginning with *Leather's Best, Inc. v. S.S. MORMACLYNX*, 451 F.2d 800 (2nd Cir.1971). In that seminal case, the Second Circuit held that where the facts underlying the state and federal claims are identical, a federal court vested with admiralty jurisdiction, has the power to hear a state tort claim against a non-diverse party. That case established the special sensitivity which federal courts should consider exercising in cases where the anchor claim is based upon some exclusive claim of federal jurisdiction, such as the general maritime law. That is precisely what we have here. More recently, the Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), recognized and refined these special considerations:

"When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that only in a federal court may all of the claims be tried together."

96 S.Ct. at 2422.

Although the Supreme Court did not find it necessary to announce a firm rule on the subject, the Court did point to criteria which should be considered when a court considers the exercise of pendent party jurisdiction:

"Before it can be concluded that such jurisdiction exists, a federal court may satisfy itself not only that Art. III permits it, but that Congress in the statute conferring jurisdiction has not expressly or by implication negated its existence."

Id. at 2422.

■ The anchor claim of this case deals with a strictly maritime dispute about marine reinsurance. It is rooted in admiralty. This Court believes that the general maritime jurisdictional statute is receptive to the exercise of pendent party jurisdiction over closely related claims when they concern, as they do here, closely related parties. Federal courts have been given exclusive jurisdiction over claims under the general maritime laws in 28 U.S.C. 1333. Within this framework, it is clear that, with the exception of the Ninth Circuit, courts are increasingly upholding the use of pendent party jurisdiction within the parameters set by *Aldinger.* See *Wood v. Standard Products Company, Inc.,* 456 F.Supp. 1098, 1102 (E.D.Va.1978). Further, the exercise of such jurisdiction was tacitly approved by the Fifth Circuit in *Mobil Oil Corp. v. Kelley,* 493 F.2d 784, 789–90 (5th Cir.1974), cert. denied *Kelley v. Mobil Oil Corp.,* 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974) (even before *Aldinger*) if the claims are inextricably interwoven and arise out of a common nucleus of operative fact.

In *Wood,* the court noted that the jurisdictional statute which gives the federal courts admiralty jurisdiction was broadly worded. Further, the court stated:

"Secondly, the fact that 'pleadings in admiralty have traditionally been read with liberality,' argues in favor of interpreting 28 U.S.C. § 1333 in a broad enough fashion to allow appending a State tort claim to it. *Leather's Best,* 451 F.2d at 808. Thus, the important statutory analysis which Aldinger requires, leads the Court to believe that the general maritime jurisdictional statute is receptive to the exercise of jurisdiction over closely related claims against closely related parties."

456 F.Supp. at 1103.

See also, the dicta in *In Re Oil Spill by Amoco Cadiz Off Coast of France,* 699 F.2d 909, 914 (7th Cir.1983).

This Court also finds support for its position in *Princess Cruises Corp., Inc. v. Bayly, Martin & Fay, Inc.,* 373 F.Supp. 762, 765–66 (N.D.Cal.1974), a case in which admiralty jurisdiction existed and the court decided to exercise pendent party jurisdiction because of the closely related issue involved.

■ The Court finds that the claims in this case are closely related; in fact, that they are inextricably interwoven. Further, there exists a common nucleus of operative facts. Where, as here, the anchor claim is grounded in the general maritime law, the Court may exercise pendent party jurisdiction if the claims are closely related and the circumstances which generally justify the exercise of pendent jurisdiction are present. The Court finds that these circumstances are present in this case and are particularly compelling, given the interwoven nature of the claims. The alleged fraud of defendants Brennan and SMU is said to be the direct cause of the issuance of the marine reinsurance which is the subject of this lawsuit. Judicial economy dictates, therefore, the exercise of pendent party jurisdiction.

The Court finds no inconsistency, as defendants argue, with its holding and *Bir-*

*mingham Fire Insurance Company of Pennsylvania v. Winegardner & Hammons, Inc.,* 714 F.2d 548 (5th Cir.1983). In *Birmingham Fire* a suit was brought under the court's diversity jurisdiction. The anchor claim was not exclusively federal. Further, the claims involved were not interrelated. The doctrine of *Birmingham Fire* differs greatly from the concepts that underlay this Motion. Here, the Court draws its jurisdictional basis from a claim in admiralty. The plaintiff also asserts claims over defendants, Brennan and SMU, that are patently closely related. *Aldinger* and others teach that jurisdiction should be asserted here.

Accordingly, for the foregoing reasons,

IT IS ORDERED:

The Motion of SMU and Brennan to dismiss is DENIED.