**BOYD, WEIR & SEWELL, INC., Plaintiff,**

v.

**FRITZEN–HALCYON LIJN, INC., Defendant.**

**No. 88 Civ. 4204 (JMC).**

United States District Court, S.D. New York.

Feb. 7, 1989.

McDonald & Hagen by John J. Rizzo, New York City, for plaintiff.

Healy & Baillie by Andrew V. Buchsbaum, New York City, for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Fed.R.Civ.P. 12(b)(1).

## BACKGROUND

In 1980, plaintiff Boyd, Weir & Sewell, Inc. ["Boyd"] arranged a charter party between defendant Fritzen–Halcyon, Lijn, Inc. ["Fritzen"], the owner of the vessel, and Sun Petroleum Products Company ["charterer"]. Various disputes regarding the minimum contract voyage led to an arbitration in which Fritzen claimed damages for voyage time not utilized by charterer. On October 2, 1987, as a result of the arbitration, Fritzen was awarded damages and interest.

Thereafter, Fritzen paid Boyd $38,123.18 in commissions for the principal sum recovered. Boyd, however, initiated this action on June 16, 1988, seeking to recover an additional $12,064.62 in commissions.

Boyd's complaint does not contain a jurisdictional statement. *See* Affidavit of Andrew V. Buchsbaum, Exh. 1, 88 Civ. 4204 (JMC) (S.D.N.Y. July 26, 1988) ["Buchsbaum Affidavit"]. The civil cover sheet, filed with the complaint, indicates that the action is for breach of a maritime contract and that jurisdiction is based on a federal question. *See* Buchsbaum Affidavit, Exh. 3. In addition, the cover sheet indicates that Boyd is a citizen of another state. *See id.* The complaint, however, indicates that Boyd is a New York corporation. *See* Buchsbaum Affidavit, Exh. 1. The complaint also states that Fritzen is a corporation having its principal place of business in New York. *See id.*

Fritzen now moves to dismiss the complaint in its entirety contending that the court lacks subject matter jurisdiction. Boyd opposes the motion, arguing that there is complete diversity of citizenship between the parties or, in the alternative, that jurisdiction is proper under admiralty law.

## DISCUSSION

### I. Diversity Jurisdiction

Under the doctrine of diversity a federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest or costs, and is between citizens of different [s]tates...." 28 U.S.C. § 1332(a)(1) ["section 1332"]. To invoke jurisdiction under section 1332 there must be complete diversity between the parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). That is, no plaintiff may be a citizen of the same state as any defendant.

For purposes of diversity "a corporation shall be deemed a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." 28 U.S.C. § 1332(c). For complete diversity to exist, therefore, no adversary of a corporation may be a citizen of the state in which the corporation is incorporated, or of the state in which it has its principal place of business.

Fritzen was originally incorporated in New York State on June 13, 1955. Pursuant to a certificate of dissolution filed with the New York Secretary of State, Fritzen was dissolved as a New York corporation on June 6, 1980. On July 3, 1980, Fritzen filed an Application for Authority to Transact Business in the State of New York. See Affidavit of Hans A. Proeller, ¶ 3, 88 Civ. 4204 (JMC) (S.D.N.Y. July 25, 1988) ["Proeller Affidavit"]. As of the commencement of the instant action, the Application for Authority in New York had not been surrendered. See id.

On October 31, 1979, Fritzen was incorporated in the State of Delaware with its principal place of business in New York City. Pursuant to a certificate of dissolution filed with the Delaware Secretary of State, Fritzen was dissolved as a Delaware corporation on May 6, 1986. Under Delaware law a corporation's existence continues for three years after dissolution for the purpose of winding up its affairs. Delaware Corporation Law § 278.

It is undisputed that the only office maintained by Fritzen is located in New York City. It is equally undisputed that all of Fritzen's employees and office personnel are located in New York City and that all of Fritzen's business is transacted out of that New York City office. See Proeller Affidavit, ¶¶ 5–7. Fritzen, therefore, has continued to maintain its principal place of business in New York City.

The party seeking to invoke jurisdiction under section 1332 bears the burden of proving that complete diversity existed at the time the action was filed. See Willis v. Westin Hotel Co., 651 F.Supp. 598 (S.D.N.Y.1986). Fritzen argues that diversity of citizenship is lacking as both it and Boyd are New York corporations. Boyd, however, contends that because Fritzen is a dissolved corporation it may not maintain a principal place of business. Thus, Boyd argues that Fritzen is only a citizen of the State of Delaware and complete diversity of jurisdiction exists between the parties. Boyd, however, has failed to cite to the Court any authority for this proposition and, indeed, the Court finds it to be utterly without merit.

### II. Admiralty Jurisdiction

It is undisputed that the complaint fails to allege admiralty jurisdiction pursuant to 46 U.S.C. § 1333. Boyd, however, has requested that the Court deem the complaint amended to allege such jurisdiction and, in addition, to allege that the cause of action is within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure. These requests are granted. The complaint, however, is dismissed for lack of subject matter jurisdiction.

"A demarcation of ancient vintage, consistently recognized from the earliest days, is that agreements preliminary to a maritime contract are not cognizable in admiralty." *Peralta Shipping Corp. v. Smith & Johnson (Shipping)*, 739 F.2d 798, 801 (2d Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1405, 84 L.Ed.2d 791, *reh'g denied*, 471 U.S. 1112, 105 S.Ct. 2349, 85 L.Ed.2d 865 (1985).

■ Boyd argues that acting as broker for a charter party is not preliminary to the maritime contract, but rather, a necessary part of it. In deciding the issue, the focus of the Court's inquiry must be on the nature of the work to be performed under the contract. *See Ingersoll Milling Machine Co. v. M/V Bodena*, 829 F.2d 293 (2d Cir. 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 774, 98 L.Ed.2d 860 (1988). If the subject matter of the contract " 'relate[s] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea or to maritime employment' " it is fairly said to constitute a maritime contract. *CTI–Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 379 (2d Cir.1982) (quoting 1 E. Benedict, *Benedict on Admiralty* § 183, at 11–6 (7th ed. 1981)).

Applying this principal, the Court of Appeals for the Second Circuit found that general agency contracts are not cognizable in admiralty. *See Peralta Shipping*, 739 F.2d at 798. General agency contracts are those that call for the "husbanding" of a vessel, that is, arranging for performance of a variety of services preliminary to maritime contracts, such as soliciting cargo or passengers, and procuring supplies, crews, stevedores and tugboats. *See Ingersoll*, 829 F.2d at 302. Thus, in *Peralta Shipping* the Second Circuit found that a contract which included a duty to supervise maritime contracts did not warrant admiralty jurisdiction. 739 F.2d at 803. There is, therefore, nothing in the case law to suggest that contracts to perform as a chartering broker are sufficiently nonpreliminary so as to invoke the Court's admiralty jurisdiction.

More importantly, in *The Thames*, 10 F. 848 (S.D.N.Y.1881), the court found that a charter broker's action for commissions for procuring a charter party was not within the court's admiralty jurisdiction. Boyd's statement that "the *Thames* decision is no longer the law," *see* Memorandum in Opposition at 4, 88 Civ. 4204 (JMC) (S.D.N.Y. Sept. 13, 1988) ["Plaintiff's Memorandum"], is unsupported by any case law. Indeed, in *Peralta Shipping*, the Second Circuit reemphasized the principal of *Thames*. 739 F.2d at 801–02. While Boyd's assertion that "the *Thames* decision has seen its day and the second circuit would today hold that a chartering broker can proceed in admiralty," *see* Plaintiff's Memorandum at 8, may be correct, the Court may not rule on what it believes the Second Circuit might do, but rather, is bound to follow existing precedents. Under the law, acting as a chartering broker is a preliminary matter and as such may not support admiralty jurisdiction. Accordingly, Boyd's complaint must be dismissed in its entirety.

## CONCLUSION

Defendant's motion to dismiss the complaint is granted. Fed.R.Civ.P. 12(b)(1). The Clerk of the Court is directed to dismiss the action with prejudice and enter judgment for defendant.

SO ORDERED.