**HIGH RIDGE PARK ASSOCIATES,**
Plaintiff,

v.

**NYCOM INFORMATION SERVICES,**
**INC., Defendant.**

Civ. No. 5–92–433 (WWE).

United States District Court,
D. Connecticut.

April 20, 1993.

James M. Weisbard, Schatz & Schatz, Ribicoff & Kotkin, Jay H. Sandak, Sandak, Friedman & Sommer, Stamford, CT, for plaintiff.

Daniel S. Nagel, Stewart I. Edelstein, Robin G. Frederick, Cohen & Wolf, P.C., Bridgeport, CT, for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendant NYCOM Information Services, Inc. ("NYCOM") has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The plaintiff, High Ridge Park Associates ("High Ridge"), asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332(a), since the amount in controversy exceeds $50,000 and the action is between citizens of different states. For the reasons set forth below, the motion to dismiss will be granted.

### FACTS

High Ridge is a Connecticut General Partnership that leased premises at Five High Ridge Park in Stamford, Connecticut to NYCOM, a New York corporation. NYCOM has, and had at all relevant times, offices in New York City, Florida and Connecticut. The lease commenced on January 1, 1989 and was to expire at the end of seven years, on December 31, 1995. NYCOM vacated its Stamford office sometime in the spring of 1992, prompting High Ridge to file this action for breach of the lease agreement. High Ridge alleges that it has not been paid monthly rent and expenses since January, 1992.

Sometime before the commencement of this action, NYCOM moved its Connecticut office to the Radisson Tara Hotel in Stamford. NYCOM subsequently changed its corporate name to AMNEX, Inc., in recognition of its association with its wholly owned subsidiary, American Network Exchange, Inc., popularly known as "AMNEX." In support

of the instant motion, High Ridge claims that NYCOM was not a citizen of Connecticut. NYCOM claims that its principal place of business was located in Stamford as of July 22, 1992, when this action commenced.

### DISCUSSION

■■■ For purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. 1332(c)(1). No adversary of a corporation may be a citizen of the state in which the corporation is incorporated or has its principal place of business. *Boyd, Weir & Sewell v. Fritzen–Halcyon Lijn, Inc.*, 709 F.Supp. 77, 78 (S.D.N.Y.1989). Diversity jurisdiction is determined as of the commencement of the litigation. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir.1987), *cert. denied, Pinkney v. Dow Chemical Co.*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988). If NYCOM is deemed to be a Connecticut citizen as of July 22, 1993, then complete diversity does not exist, because High Ridge is also a Connecticut citizen.

■■■ The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations. *Northeast Nuclear Energy Co. v. General Electric Co.*, 435 F.Supp. 344, 345 (D.Conn.1977); *see also,* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3625 at 802 (1975). The Second Circuit employs a "consolidated test" which looks to "both the place where general management and business policy is formulated and to the site of substantial business operations." *Northeast Nuclear,* 435 F.Supp. at 346; *see also, Messinger v. United Canso Oil & Gas Ltd.*, 80 F.R.D. 730 (D.Conn.1978). The weight given various corporate activities should reflect the policy goals of diversity jurisdiction and 28 U.S.C. § 1332(c). *Northeast Nuclear,* 435 F.Supp. at 346. Thus, the principal place of business of a corporation should be the place where it has its greatest contacts with the public, where it is considered to be most "at home." *Id.*

NYCOM is an operator and provider of long-distance phone services with seven employees. It acts as a holding company for American Network Exchange, Inc., which provides similar services and has 240 employees located primarily in Florida. In March, 1992, NYCOM announced that it was closing its High Ridge Park office. NYCOM then entered into a short-term lease, under the name of American Network Exchange, for the premises at the Radisson Tara Hotel. Five of NYCOM's seven employees, including officers, never left Connecticut. They moved directly from the High Ridge Park office into NYCOM's office at the Radisson Tara. All five have sworn in affidavits that they were working at the Radisson Tara on July 22, 1992.

It appears that the Stamford office was responsible for running the daily operations of NYCOM, as well as formulating the overall business strategy. The Stamford office was responsible for press releases, management decisions, hiring personnel, legal and regulatory work, answering shareholder and investor queries and requests, and overseeing American Network Exchange operations. Furthermore, NYCOM held Board and Shareholder meetings in Stamford, and, in fact, held meetings at the Radisson Tara on July 22, 1992, the very date that High Ridge filed the complaint, to elect new directors and to change its name to AMNEX, Inc. NYCOM's two other employees, Adam Kolodny, Controller, and Stephen Liaskos, VP–Finance, Chief Financial Officer and Treasurer, worked in New York and Orlando, and were merely responsible for accounting and finance work, such as filing reports with the SEC.

NYCOM did list Orlando as its principal executive office on the cover sheet of two SEC filings: its May 1992 10–Q and its June 1992 8–K. When the 10–Q was prepared, however, NYCOM was unsure as to where it was going to relocate. NYCOM claims that it was clear by June, 1992, that it was going to remain in Stamford, and that the cover sheet of its 8–K was just an oversight. Its outside counsel mistakenly copied the Florida

address off the cover sheet of the May 10–Q. In any event, by July 22, 1992, NYCOM was clearly operating out of Stamford, and its subsequent reports to the SEC reflected the current address in Stamford. On the basis of the foregoing findings, this court holds that NYCOM's principal place of business was located in Stamford, Connecticut, as of July 22, 1992.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss [# 8] for lack of diversity jurisdiction is GRANTED.